## C. V. Browne et al. v. C. D. Allen et al.

Decided January 28, 1909.

**Sale—Warranty of Quality—Damages.**

Damages for breach of contract as to quality of article sold are limited to the difference between the price the purchaser paid and the value of what he received, and this is not shown by evidence as to the difference between the value, at the time of delivery, of what he contracted for and of what he received.

Appeal from the County Court of McCulloch County. Tried below before Hon. C. A. Wright.

*Walker, Adkins & Walker,* for appellants.—On measure of damages, cited: Schuwirth v. Mumma, 66 S. W., 692; Tripes v. Gamble, 28 S. W., 244; Eden v. Osborne & Co., 29 S. W., 414; Hoffman v. Association, 85 Texas, 409; Railway Co. v. Johnson, 23 Texas Civ. App., 160; Railway Co. v. McAulay, 26 S. W., 475.

*Shropshire & Hughes,* for appellees.—Contra, cited: 3 Sutherland on Damages, 1976-1983; Florida Athletic Club v. Hope Lumber Co., 18 Texas Civ. App., 161; Danner v. Ft. Worth Imp. Co., 18 Texas Civ. App., 621; Taylor & Co. v. Hefner, 67 Texas, 59.

HODGES, ASSOCIATE JUSTICE.—The appellants were wholesale merchants engaged in selling oats and other grain at McKinney, Texas. The appellees were also merchants doing business at Brady, Texas. They ordered from the appellants a carload of oats, the price quoted being 38½ cents per bushel for choice red oats delivered at Brady. The oats were received and paid for, but it is alleged that the car was short 46 1-3 bushels in quantity, and the oats of inferior quality not up to the grade which the appellees claimed to have purchased; and suit was brought for the recovery of $244.60, alleged to be the amount of the shortage and the damage by reason of the inferior quality. When suit was originally instituted the Fort Worth & Rio Grande Railway Company was made a party defendant, but subsequently the case was dismissed as to it and the litigation continued against C. V. Browne & Co. alone. Judgment was recovered by appellees in the trial court for the sum of $219.48.

We deem it unnecessary to notice any of the assignments of error except those which question the findings and judgment of the court on the measure of damages. The suit was brought to recover the difference between 38½, the amount paid for the oats, and the value of the oats received, together with the amount of the shortage. The court fixes the difference at 14 cents per bushel, and bases his findings upon the following testimony of C. D. Allen, one of the plaintiffs in the court below: "There was no market in Brady at the time of the receipt of these oats for a bulk as large as a carload of them. Such oats when sold in bulk less than carload lots were worth on the market at Brady, about the time they did and should have arrived, from 28 to 30 cents per bushel; and at the same time such oats as were ordered by plaintiffs of defendants and such as defendants quoted to plaintiffs, when sold in the same way, were worth from 48 to 50 cents per bushel at Brady, Texas. At the time referred to such oats as were ordered by plaintiffs from defendants would cost on the tracks at Brady, Texas, in carload lots, from 40 to 45 cents per bushel." This testimony was objected to because not supported by the pleadings and as fixing an incorrect measure of damages. We think the assignments raising this question should be sustained. The measure of the appellees' damages in this suit would be the difference between the value of the oats which they received and the price which they paid,

38½ cents·per bushel. If oats had advanced in the meantime so as to be worth more at Brady than the price which the appellees paid, this would no more inure to their benefit than would a decline in prices have operated to their detriment. This is practically a suit for breach of warranty as to the quality and quantity of oats purchased and paid for. Under the well-established rules in this State the damages in such actions are limited to the difference between what the purchaser pays for and the value of that which he receives. There is no testimony upon which the court could find in this case that the oats which were received at Brady were worth 14 cents per bushel less than the price paid. The lowest valuation placed upon such oats was from 28 to 30 cents, which would make the margin not greater than 10½ cents at most. Other witnesses testified for plaintiffs that the oats received were worth 10 cents per bushel less than choice bright red oats would be worth at that place.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*