## WATSON v. D. A. PADDLEFORD & SON. (No. 5439.)

(Court of Civil Appeals of Texas. Austin. Feb. 10, 1915.)

**1. Justices of the peace ⊜➡90 — Pleadings treated liberally.**

A liberal rule as to pleading is applied to cases in justice courts, or appealed therefrom.

**2. Justices of the peace ⊜➡183(1) — Oral pleadings presumed to cure defects in written pleadings.**

Where plaintiffs in justice court pleaded orally, as it was their privilege to do, it would be presumed that such pleadings, though not shown, were sufficient to cure the defect, if any, in the written pleadings.

**3. Chattel mortgages ⊜➡32—Extension of time to pay debt a sufficient consideration.**

The extension of time granted to the debtor in which to pay such debt was a sufficient consideration to sustain his chattel mortgage to secure the debt.

**4. Chattel mortgages ⊜➡48—Description of property held insufficient.**

A chattel mortgage upon any three bales of cotton to be planted and cultivated by the mortgagor in the year 1912 on the "——— farm, ——— miles from Rockwood, or on any other farm in Coleman county," was void as to creditors, for want of a sufficient description of the property attempted to be conveyed.

**5. Chattel mortgages ⊜➡18—Property not in esse must be described.**

While equity will enforce a mortgage against property that the mortgagor does not own, or that is not in esse at the time of the mortgage, when the mortgagor becomes the owner of such property, or when it comes into being, yet in such case the mortgage itself must so describe it that it can be identified when coming into possession or being.

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by D. A. Paddleford & Son against J. C. Watson and S. D. Beaver. Judgment against defendant Beaver by default, and judgment against defendant Watson, and defendant Watson appeals. Reversed, and judgment rendered for defendant Watson.

W. Marcus Weatherred, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

JENKINS, J. We adopt the statement of the nature and result of this case as set out in the brief of appellant, and admitted by appellees to be correct:

"The appellees, D. A. Paddleford & Son, a partnership firm composed of D. A. Paddleford and Henry Paddleford, instituted this suit in the justice's court of precinct No. 1, Coleman county, Tex., on October 23, 1913, against the defendant S. D. Beaver for the principal, interest, and attorney's fees alleged to be due on a note, executed by said defendant Beaver, to appellees, dated January 1, 1912, due on or before October 1, 1912, for the principal sum of $120, bearing interest from date at the rate of 10 per cent. per annum, and 10 per cent. attorney's fees; and for the foreclosure of a chattel mortgage lien, alleged to have been executed on said date by said defendant Beaver on January 1, 1912, to secure the payment of said note, on three bales of cotton and against the defendant J. C. Watson, appellant, for $125, alleging that said appellant had converted said three bales of cotton to his own use and benefit on or about October 15, 1912. Tr. 3, 4. The appellant, J. C. Watson, answered by plea of privilege to be sued in the precinct of his residence, general demurrer, general denial, and by special plea that prior to the execution of said mortgage to appellees on, to wit, December 18, 1911, the defendant S. D. Beaver for a valuable consideration executed to appellant his certain chattel mortgage on the first three bales of cotton to be raised by said defendant during the year 1912; that while the name in said mortgage appeared to be A. S. Watson, it was in truth and in fact executed and delivered to appellant, J. C. Watson, the initials having been incorrectly written; that appellant's mortgage was a prior and superior lien to that of appellees, and that the mortgage of appellees was delivered to them and accepted by them with notice and knowledge of appellant's mortgage, which was valid and subsisting at said time; and that under and by virtue of his said mortgage two bales of cotton covered by his said mortgage were sold by the defendant Beaver, and the proceeds of same paid to appellant in satisfaction of his indebtedness, same being the market value of said cotton. Tr. 5, 6. Appellees, by supplemental oral pleadings, answered by general demurrer, general denial, and that appellees took their mortgage without notice of the mortgage of appellant, or of any other mortgage. Appellant's plea of privilege being sustained in justice court (Tr. 6, 7), appellees duly appealed to the county court, where plea of privilege was waived (Tr. 1–3). And coming on to be heard in the county court, the court having overruled the general demurrer of appellage (Tr. 7), this cause was submitted to a jury on special issues, and their findings returned on March 19, 1914 (Tr. 7–11). Motion was filed by appellant, on March 19, 1914, to set aside said findings (Tr. pp. 11–12), which was overruled by the court, and judgment ren-

dered for appellees on said findings (Tr. pp. 7–11). Appellant duly filed motion for new trial, and amended motion for new trial (Tr. pp. 13, 14), which amended motion was by the court overruled on May 29, 1914, to which action of the court appellant duly excepted (Tr. 15), gave notice of appeal, filed appeal bond, duly approved June 10, 1914 (Tr. 15–17), and this cause is duly presented to this court for revision on the errors assigned in said amended motion for new trial. The defendant S. D. Beaver, having filed no answer, suffered judgment by default, and assigns no error. The mortgage of appellant was duly registered on April 29, 1912 (S. F. 8), and that of appellees on January 29, 1912 (S. F. 5)."

[1, 2] Appellant's first assignment of error is:

"The court erred in overruling this defendant's general demurrer to plaintiff's petition."

We overrule this assignment. A liberal rule as to pleading is applied to cases in justice courts or appealed therefrom. Railway Co. v. Scott, 156 S. W. 294; Threadgill v. Shaw, 130 S. W. 707. We think that the written petition was good as against a general demurrer, even in a court of record, and the record shows that appellees also pleaded orally, as they were privileged to do. Hackney v. Schow, 53 S. W. 715. It does not appear what such oral pleadings were, and it will be presumed that they were sufficient to cure the defect, if any, in the written pleadings.

[3] We also overrule appellant's second assignment of error, to the effect that the judgment is contrary to the law and the evidence, in that it was shown that the mortgage to appellees was executed without consideration. This mortgage was executed to secure a previous debt, but the extension of time granted to Beaver in which to pay such debt was a sufficient consideration to sustain the mortgage. Watts v. Corner, 27 S. W. 1087.

[4, 5] We sustain appellant's assignment of error as to the admissions of appellees' mortgage over appellant's objection that the same was void for the want of a sufficient description of any property therein attempted to be conveyed. The descriptive part of said mortgage is as follows:

"Any three bales of cotton to be planted and cultivated by me in the year 1912 on the place known as the —— farm, —— miles from Rockwood, or on any other farm in Coleman county."

Some courts in other jurisdictions have gone further in sustaining mortgages upon the unplanted crops of tenants than we think can be justified upon either legal principles or public policy. The law upon that subject in this state is announced in Richardson v. Washington, 88 Tex. 339, 31 S. W. 614, as explained in McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1132. In the language of Mr. Justice (now Chief Justice) Brown in the latter case:

The "language neither discloses property in existence, which is a proper subject of contract, nor does it give any description by which the thing that was in contemplation of the contracting parties could be identified at that time. In the absence of these elements the mortgage must be held to be void as to creditors (citing authorities). In Richardson v. Washington & Costley Bros., above cited, this court decided that a mortgage upon a crop to be raised during the year 1893 upon 100 acres of the R. F. Jones' farm in Travis County, for which the mortgagor had a lease for that year, was valid."

Though equity will enforce a mortgage against property that the mortgagor does not own, or that is not in esse at the time of the mortgage contract, upon the mortgagor's becoming the owner of such property, or upon the same coming into being, yet in such case the mortgage itself must contain such a description of the property that it can be identified thereby when the mortgagor shall become the owner of the same, or it shall come into being. In Richardson v. Costley, supra, the property to which it was intended the mortgage should attach was so described in the written contract that it could be known with certainty to what property the parties thereto then intended it should attach, viz., the crops to be raised by the mortgagor during the year 1893 on a certain described farm. But not so in the instant case. Here, it is any three bales of cotton that might be raised by the mortgagor in 1912 on a farm not described, or on any farm in Coleman county. Had the mortgage been on the first three bales to be raised and gathered by the mortgagor, or on all of the cotton to be raised by him, it might be said that this description would be sufficient to identify the cotton when raised. But any three bales is not such a description as will identify any particular cotton that might be raised by the mortgagor. Suppose that he had raised one bale of cotton on each of a dozen farms, or had raised a dozen bales on one farm in Coleman County in 1912, which three of the dozen bales were intended to be mortgaged? The instrument furnishes no means by which this could have been known, for which reason it is void for uncertainty.

Our holding as to the appellees' attempted mortgage renders it unnecessary for us to pass upon the remaining assignments of error.

For the reason stated, the judgment of the trial court is reversed, and here rendered for appellant.

Reversed and rendered.