## CUNNINGHAM et al. v. PARAMOUNT OIL & GAS CO. et al. (No. 1478.)

(Court of Civil Appeals of Texas. El Paso. May 24, 1923. Rehearing Denied June 7, 1923.)

1. Fraud ⬯41—Allegations that plaintiffs were induced to accept worthless shares of stock held to state cause of action for fraud and deceit.

Allegations that plaintiffs were induced to perform labor and services in consideration for certain stock certificates in a corporation by false and fraudulent representations made by defendants, and that the stock was worthless, and praying for the recovery of the value of the labor in money, held to state a cause of action for fraud and deceit.

2. Fraud ⬯41—Allegations plaintiff was induced to accept worthless shares of stock in lieu of cash for work held to state cause of action.

A complaint alleging that plaintiffs were to have cash for work performed for defendants under contract, but were induced to accept worthless stock certificates after the work was performed, and praying for recovery of the value of the labor in money, held to state a cause of action for fraud under Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c.

3. Work and labor ⬯29(2)—Under contract providing for payment part in cash and part in stock certificates, plaintiff entitled to recover cash for breach if shares worthless.

Where a contract for the drilling of an oil well provided for payment at the rate of $75 per day, in an action for value of services based on the breach of such contract which alleged the performance of a stated number of days' work, plaintiff was entitled to recover the amount of money represented by the work done, notwithstanding a provision of the contract that payment should be made partly in cash and partly by certain corporate stock certificates at par, if, as alleged, the stock certificates were worthless at the time of the breach.

4. Work and labor ⬯29(2)—In suit for value of services based on breach of contract, an award of shares of stock stipulated by contract erroneous.

In an action for value of services based on breach of contract which provided for payment, part in cash and part in shares of stock certificates, which latter plaintiff alleged he was fraudulently induced to accept and which were worthless, it was error to decree that plaintiff should take the worthless shares of stock, where his prayer was for money damages.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by E. Cunningham and others against the Paramount Oil & Gas Company and others. Judgment for plaintiff for less than demanded, and plaintiffs appeal. Reversed and remanded.

Thos. J. Pitts, of Gorman, and R. N. Grisham and T. J. Cunningham, both of Eastland, for appellants.

J. M. Reiger, of Desdemona, and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellees.

HARPER, C. J. Appellants brought this suit against appellees for $6,425, balance due for labor performed, and for cause of action alleged:

That February 5, 1921, they entered into a written contract with defendants to drill,

clean, and swab an oil well for $85 per day; that they did 47 days' work under it.

That they performed 32 days' labor at instance and request of the defendants at the agreed price of $75 per day on defendants' leases.

That the aggregate amounts earned under these two items was $6,295; that $2,670 of this sum was paid.

That under contract they performed 36 days' labor between May 17 and July 11, 1921, at $75 per day, or $2,700.

That under these contracts plaintiffs were to receive in payment of services $5,000 in stock of the Continental Securities Company.

That defendants represented said stock to be worth par value ·before the contract was executed; that defendants promised and agreed with the plaintiffs to erect, maintain, and operate a gasoline plant in the city of Desdemona, Tex., and that its operation would greatly enhance the value of said stock; that these statements were believed and relied upon, and that they were thereby induced to accept said stock; that they had received $2,500 worth of the stock, and tendered it back to defendants; alleged that they had complied with the terms of their contract until forced to discontinue by defendants; that the gasoline plant was never erected; that the said stock is worthless, and for these reasons defendants have breached their contract.

That the matters alleged as to the value of the stock and the gasoline plant were left out of the contracts by mutual mistake.

That the consideration for the contracts was money or its equivalent, and that the services under the first contract were reasonably worth $85 per day, and under the second, $75 per day.

That by reason of the false and fraudulent representations of defendants the stock was of par value, when in truth and fact it was worthless, and the promise to erect and operate a gasoline plant which they have wholly breached, plaintiffs are entitled to have that portion of the contracts requiring them to take stock for their labor canceled, etc., and in lieu thereof recover the value of their labor in money.

That they have complied with the law and fixed a lien upon the leasehold of the defendants. Pray for recovery of balance unpaid and foreclosure of lien.

Defendants, appellees, answered by general and special exceptions, which will be considered hereafter, and pleaded that they had discharged their obligations under the first contract, by paying the plaintiffs $1,495 in cash, and $2,500 in stock certificates in the defendant Continental Securities Company; that plaintiffs would be permitted only to recover under the second contract for the actual days he worked and in proportion to $25 per day in cash, and $50 per day in stock certificates, and pleaded that under the facts set forth they owed the plaintiffs but $367.50 and the stock due, which they alleged could not exceed $3,150, par value of said stock.

By first supplemental petition, appellants replied with demurrers special, which will be hereinafter considered, by general denial, and under oath denied payment, and again pleading the defendants, appellees, agreed to place the refinery on the premises in question within 100 days, and that the provision was omitted from the contract by mistake of the draftsman by whom the same was prepared, and that the plaintiffs, appellants, called their attention to the omission at the time of the making of the second contract.

The case was tried before a jury, who were instructed peremptorily to bring in a verdict for the plaintiffs, appellants, for $400 in cash or in money and the balance in stock certificates in the Continental Securities Company for $3,150, par value. The verdict followed as directed, and the court rendered a judgment accordingly. The court in the judgment further found the existence of the plaintiffs' lien and foreclosed on the property covered thereby.

The court sustained demurrers of defendants leveled at that portion of the pleadings seeking to recover money in the place of the stock upon the ground that the allegations were insufficient to state a cause of action for fraud and deceit.

This is assigned as error.

[1] The first proposition is:

"The theory that plaintiffs were induced to buy stock certificates in a corporation by false and fraudulent representations made by the defendants, and that the stock was worthless, is but the ordinary action for deceit, and, if the facts so pleaded were established, the plaintiffs would be entitled to recover the damages so suffered by the fraud."

This is an accurate statement of the law and applicable to the allegations in plaintiffs' petition and, if established, will entitle plaintiffs to recover the value of the labor performed as a consideration for this worthless stock. Barthold et al. v. Thomas et al. (Tex. Com. App.) 210 S. W. 506.

The second proposition is equally well taken; that it comes within the provisions of the recent act of the Legislature (1919) now articles 3973a, b, and c, Vernon's Ann. Civ. St. Supp. 1922.

[2] "Actionable fraud in this state with regard to transactions * * * in stock in corporations or joint-stock companies shall consist of either a false representation, * * * or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. * * *" Bischoff v. Alderson (Tex.

Civ. App.) 247 S. W. 330; Hoyt v. First National Bank (Tex. Civ. App.) 247 S. W. 637; Edmonds et al. v. White (Tex. Civ. App.) 247 S. W. 585.

The allegations are that under the first contract the plaintiffs were to have cash for the work performed, but were induced to accept $2,500 of the amount earned in worthless stock certificates after the work was performed. This is a charge that cash was paid, and comes affirmatively within the provisions of the above-quoted articles defining fraud.

[3] As to the second contract plaintiff was hired for 100 days of work. The consideration was $2,500 cash and $5,000 par value of the capital stock of Continental Securities Company to be issued at the conclusion of the contract, etc., and it alleged that defendant breached the contract at the end of 36 days, and prayed for the value of services rendered at $75 per day. This amount under the allegations plaintiff is entitled to recover, upon proof thereof, regardless of that part of the contract providing for payment of part in stock, if the proof should show that the stock was worthless at the time of the breach, under either or both of the statements of facts made the basis of fraud and deceit.

[4] And it was likewise error for the court to decree that plaintiffs take stock for amounts due proportioned as 36 days is to 100. Plaintiff may not be required to take that which he has not sued for.

Other assignments and propositions are predicated upon the refusal of the court to permit appellants to introduce evidence under this phase of the case, and that portion of the judgment awarding plaintiffs the additional shares of stock, etc., are not followed by statements so they may not be considered; however, in view of the above holdings they are not likely to occur upon another trial.

For the reasons assigned the cause is reversed and remanded.