## McCASKILL et al. v. CLAY. (No. 2620.)

(Court of Civil Appeals of Texas. Amarillo. March 31, 1926. Rehearing Denied May 19, 1926.)

1. **Malicious prosecution** ⬤⟲11—**Malicious filing of suit for fraud held not ground for crossaction.**

That plaintiff since prior judgment against him on note for purchase price of sewing machine, for fraud in sale of which he sued, had intermeddled with defendant's business in effort to cause latter's customers to break contracts and persuaded one of them to sue defendant without just cause, and that present suit was unfounded, malicious, and without just or probable cause, *held* not grounds for crossaction for actual and punitive damages.

2. **Appeal and error** ⬤⟲65—**Appellate court had jurisdiction of appeal, where amount sued for in county court, with interest for time claimed, amounted to over $100, though plaintiff claimed no interest in justice court.**

Where amount sued for in county court, with interest for time claimed, amounted to over $100, appellate court had jurisdiction of appeal, though plaintiff made no claim for interest in justice court, wherein suit for less than $100 originated.

3. **Pleading** ⬤⟲111—**Controverting affidavit as to false representations in sale of sewing machine in county of venue and statute under which suit was brought held sufficient, though not containing all necessary allegations of fraud (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 7; Rev. St. 1925, art. 2007).**

Controverting affidavit that plaintiff based suit on fraud and deceit perpetrated in county of venue, that defendants sold him a sewing machine therein, falsely representing that it was new and unused, and that he sued under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 7, *held* sufficient under Rev. St. 1925, art. 2007, though not containing all allegations required in plea of fraud, where action originated in justice court.

4. **Justices of the peace** ⬤⟲174(22)—**Pleading in justice court case appealed to county court is sufficient, if court can ascertain rights asserted by plaintiff or defense interposed from all oral statements or written pleadings in justice court.**

If court can ascertain rights asserted by plaintiff or defense interposed from all oral statements or written pleadings in justice court;

from which case was appealed to county court, pleading is sufficient; rules of pleading in such cases not being so strictly enforced as in others.

5. **Abatement and revival** ⬤⟲15—**Defense of prior suit pending was erroneously interposed by plea in abatement, in suit for fraud in sale of sewing machine, after recovery of judgment on purchase-money note by defendant.**

Where one sued in justice court for fraud in sale of sewing machine had recovered judgment on purchase-money note in justice court of another county, defense of prior suit pending was erroneously interposed by plea in abatement; res judicata being proper plea, if parties and issues were same.

6. **Abatement and revival** ⬤⟲8(2), 9—**Judgment** ⬤⟲707, 715(1)—**Neither plea of prior suit pending nor of res judicata can be sustained, in suit for damages for fraud in sale of sewing machine, where one defendant was not party to suit by another on purchase-money note in another county, issue of fraud was not presented therein, and latter's right to recover on note was not issue in damage suit.**

Where one of defendants, in suit for damages for fraud in sale of sewing machine, was not party to prior suit on purchase-money note by another of them in another county, and issue of fraud was not presented therein, nor right of such defendant to recover on note made issue in damage suit, niether plea of prior suit pending nor of res judicata can be sustained.

7. **Justices of the peace** ⬤⟲174(19).

On appeal from justice to county court, plaintiff may amend pleadings to conform to evidence adduced in justice court.

8. **Venue** ⬤⟲8—**Purchaser may sue in county where fraud inducing purchase was perpetrated, and jury's findings as to fraudulent representations are conclusive of venue.**

Purchaser may sue for fraud, inducing purchase of sewing machine, in county where it was perpetrated, and jury's findings as to fraudulent representations are conclusive of contention as to venue.

9. **Sales** ⬤⟲266.

There is implied warranty that new machine, as contracted for, shall be delivered.

10. **Fraud** ⬤⟲59(1)—**Measure of damages for fraudulent representations that machine purchased was new is difference between value of machines contracted for and delivered.**

Measure of damages for fraudulent representations that sewing machine, purchased by plaintiff, was new and unused, was difference between value of machine contracted for and used machine delivered.

11. **Fraud** ⬤⟲59(1)—**Proof of actual value of secondhand machine delivered held proper, in ascertaining damages for fraudulent representations that it was new.**

Market value of secondhand sewing machine delivered cannot be considered in ascertaining damages for fraudulent representations that it was new, but proof of its actual or intrinsic value was proper.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Justices of the peace ⬤⟿174(2½)—Failure to note oral pleadings on docket cannot be raised in county court on appeal by objection to testimony, but should be presented by motion to strike plaintiff's pleadings.**

While oral pleadings in justice court should be noted on docket, failure to do so cannot be raised on appeal in county court by objection to testimony, but should be presented by motion to strike plaintiff's pleadings in county court.

**13. Justices of the peace ⬤⟿174(2½)—Defendants insisting that plaintiff's pleadings in county court showed different cause of action than pleaded in justice court, quoting citation to show substance of plaintiff's pleadings therein, urging exceptions thereto, and not moving to strike plaintiff's pleadings in county court, cannot assert error in permitting plaintiff to testify because transcript from justice court contained no notation of plaintiff's pleadings therein.**

Defendants insisting that plaintiff's pleadings in county court showed cause of action different from that pleaded in justice court, quoting from citation, not in record, to show substance of pleadings in justice court, urging general and special exceptions thereto, and not moving to strike pleadings in county court, cannot complain of error by county court in permitting plaintiff to testify because transcript from justice court contained no notation of plaintiff's pleadings therein.

**14. Justices of the peace ⬤⟿183(1)—Appellate court must presume, where substance of oral pleadings is not noted on justice docket, that plaintiff orally pleaded in justice court and that failure to note pleadings is attributable to justice.**

Appellate court must presume, where substance of oral pleadings is not noted on justice docket, that plaintiff orally pleaded in justice court, from which information was received, and that failure to note pleadings on docket is attributable to justice.

**15. Fraud ⬤⟿57—Plaintiff's testimony in county court, as to amount of judgment recovered in justice court for fraud, held irrelevant.**

Plaintiff's testimony in county court, in suit for damages for fraud in sale of article, as to amount of judgment recovered in justice court, and that he was satisfied with what was done there and did not appeal, *held* irrelevant.

**16. Appeal and error ⬤⟿1052(5)—Admission of plaintiff's testimony in county court as to amount recovered in justice court was harmless error, where he recovered less in county court.**

In suit for damages for fraud in sale of sewing machine, admission of plaintiff's testimony as to amount of judgment recovered in justice court, and that he was satisfied and did not appeal, was harmless error, where he recovered less in county court.

**17. Appeal and error ⬤⟿1032(1)—Appellant must show that error complained of prejudiced him, presumption of injury from all erroneous rulings having been abolished (Supreme Court Rule 62a).**

Under Supreme Court Rule 62a, appellant must show that error complained of resulted to his prejudice; such rule abolishing presumption that injury results from all erroneous rulings of trial judge.

**18. Pleading ⬤⟿111—Plaintiff's attorney's testimony as to advising plaintiff of cause of action in county of venue held admissible in suit for fraud in sale of article, where defendants sought damages in cross-action on ground that plaintiff maliciously sued them outside county of their residence.**

Where defendants, in suit for fraud in sale of article, sought damages in cross-action on ground that plaintiff maliciously sued, and maliciously induced another to sue, them outside county of their residence, plaintiff's attorney's testimony that plaintiff asked him as to advisability of filing contest in defendant's suit on purchase-money note in another county, and that witness advised plaintiff that he had cause of action in county wherein suit for fraud was brought, was admissible.

**19. Malicious prosecution ⬤⟿21(1)—Defendants, injecting issue of malice in bringing suit outside county of residence, cannot object to competent testimony of plaintiff's attorney as to advising plaintiff of cause of action in county of venue.**

Defendants, injecting issue of malice in suing them for fraud in sale of article outside county of their residence by their own pleadings in cross-action for damages, cannot object to competent rebuttal testimony of plaintiff's attorney that plaintiff asked him as to advisability of filing contest in prior suit in such county by defendant on purchase-money note, and that he advised plaintiff that he had cause of action in county wherein suit for fraud was brought.

**20. Appeal and error ⬤⟿882(14).**

Defendants requesting special issue, on which finding of damages supported by testimony was based, cannot complain of submission thereof.

**21. Justices of the peace ⬤⟿44(1)—Judgment against each of two defendants for $94 sued for was not in excess of court's jurisdiction, where plaintiff did not ask for interest.**

Where plaintiff did not ask for interest in justice court, judgment for plaintiff against each of two defendants for $94 sued for was not in excess of such court's jurisdiction.

**22. Justices of the peace ⬤⟿173(2).**

County court cannot review and correct errors in justice court.

**23. Appeal and error ⬤⟿51—Whether unrecoverable items of damages were claimed in reconvention by defendants to confer jurisdiction on Court of Civil Appeals is immaterial.**

Whether defendants claimed certain items of damage in reconvention for fraudulent pur-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pose of giving Court of Civil Appeals jurisdiction was immaterial, where they were not recoverable, and, as matter of law, would not have conferred jurisdiction on such court.

Appeal from Wheeler County Court; A. C. Wood, Judge.

Action by V. C. Clay against V. K. McCaskill and others. Judgment for plaintiff, and defendants appeal. Affirmed.

S. E. Fish, of Amarillo, and H. B. Hill, of Shamrock, for appellants.

M. Reynolds, of Shamrock, for appellee.

HALL, C. J. The appellee, Clay, filed this suit in the justice court of Wheeler county against McCaskill, T. B. Rains, and the Vertical Feed Sewing Machine Company to recover damages in the sum of $94 for fraud and deceit in the sale to him by the defendant of a sewing machine.

Plaintiff filed no written pleadings in the justice court, but, according to the statement in the citation which we take from appellants' brief, he pleaded orally that about the 20th day of February, 1922, the defendants, by means of false and fraudulent representations, had caused him to execute his note in the sum of $69, and to deliver to them a secondhand sewing machine of the value of $50 in payment for another machine which was represented to be new, but which was, in fact, a secondhand machine and worth only $25, thereby damaging him in the sum of $94.

It appears from the record that the Vertical Feed Sewing Machine Company is a foreign corporation without a permit to do business in Texas, and never having been served with citation nor entered any appearance, the rights of plaintiff as against it have not been adjudicated.

On August 15, 1923, which we presume was the return term of the justice court, McCaskill and Rains filed separate pleas of privilege, in which they claim that Potter county was the place where they resided. The case was continued at the September and October terms without prejudice to their pleas of privilege, and at the November term the case was tried upon said pleas and the controverting affidavit of plaintiff, and judgment rendered overruling said pleas on November 21, 1923.

Numerous exceptions were made by the parties to the pleas and affidavit, which were all overruled on that day; whereupon, on November 21st, the defendants McCaskill and Rains filed what is styled their plea in abatement, in which it is alleged, in substance, that on the 15th day of February, 1922, Rains, as the agent of McCaskill, sold and delivered to Clay a sewing machine for which Clay executed and delivered to McCaskill his note in the sum of $119, but that there was credited thereon the sum of $50, leaving an unpaid balance of $69 due October 1, 1922.

That Clay failed and refused to pay said note at its maturity, whereupon suit was filed against him in May, 1923, in the justice court at Amarillo, Tex., and upon which judgment was rendered against Clay on the 2d day of July, 1923, in the sum of $86.02, including principal and interest; that no appeal was prosecuted from said judgment; and that the same is still unsatisfied.

It is further alleged that about the 10th day of July, 1923, Clay filed this suit in the justice court of Wheeler county, alleging that McCaskill and Rains, by false and fraudulent representations, caused Clay to execute said note in the sum of $69, praying for judgment in the sum of $94, being the principal of said note, together with the difference in the value of the machine purchased by Clay and the one which Clay gave in exchange; that Clay defaulted and entered no appearance in the justice court at Amarillo, whereby said Amarillo justice court first acquired jurisdiction; and that the justice court of Wheeler county had no jurisdiction to try the purported cause of action set forth in plaintiff's petition.

The prayer is that the suit in the justice court of Wheeler county be abated. This plea in abatement was overruled on November 21, 1923.

Defendants appealed from the judgment against them to the county court of Wheeler county, and the transcript from the justice court was filed in that court February 19, 1924. According to the record, there were no further proceedings in the case in the county court of Wheeler county until the August term, 1925, where, on August 27, 1925, the county judge, by orders duly entered, overruled the defendants' pleas of privilege and pleas in abatement.

Plaintiff pleaded orally in the county court, again alleging false and fraudulent representations inducing him to purchase said sewing machine, and further alleging the execution of his note for $119, and to give a secondhand machine in payment for the one so purchased from defendants. He further alleges that the new machine which he purchased was never delivered, but that in his absence defendants delivered him a secondhand machine worth $25, whereby he has been damaged in the sum of $94. He did not pray for interest in the justice court, but in the county court he prays for interest on said last-named sum at 6 per cent. from the 15th day of August, 1923.

On August 27, 1925, the defendant McCaskill filed his first amended answer and cross-action in the county court, which consists of a general demurrer, first special exception to plaintiff's pleading upon the ground that it shows that the defendant resided in Potter county, and alleged no facts which authorize the maintenance of the suit in Wheeler county. By a second special exception, he

insists that the suit in the county court is a separate and distinct cause of action from that declared upon and tried in the justice court. Two other exceptions are urged as to the sufficiency of plaintiff's pleadings to allege fraud, and as to the measure of damages. These exceptions are followed by a general denial.

Defendant then answers specially, alleging that Clay executed his note payable to McCaskill in the sum of $119 on February 16, 1922, with a credit of $50 indorsed thereon; that it was given in part payment for a sewing machine; that Clay defaulted in the payment of said note; that suit was filed thereon in the justice court at Amarillo, and judgment entered against him on July 2, 1923, in favor of McCaskill in the sum of $86.02, with interest from date at 10 per cent.; that said judgment was never appealed from and is still due and unpaid and in full force and effect; and that said judgment is res judicata of all matters pleaded by plaintiff against him in this action.

The first amended answer then sets out a history of the transaction, alleging the execution of the $119 note by Clay; that a $20 credit was entered thereon because of the fact that the machine which defendant delivered to him had been used, and a further credit of $30, being the value of the secondhand machine which he took in exchange; that he delivered Clay a written warranty of the machine delivered; that Clay never made any complaint to him that the machine never fulfilled the warranty, and is therefore estopped from claiming that said machine was not satisfactory.

The defendant McCaskill then pleaded in reconvention, claiming $135 damages for loss of time and expenses incident to the fact that since judgment was rendered against Clay on July 2, 1923, in Potter county, he had officiously intermeddled with matters of business between defendant and one Hoggins and other customers in Wheeler county, in an effort to cause said customers to breach their contracts and cause defendant expensive litigation; that plaintiff had conspired with and persuaded Hoggins to sue the defendant without just cause, which suit was thereafter dismissed; and that this suit filed against defendant is unfounded, malicious, and is brought without any just or probable cause; wherefore plaintiff is liable to the defendant in the sum of $50 for punitive damages. The prayer is for actual damages in the sum of $135 and punitive damages in the sum of $50.

At the same time Rains filed his first amended original answer, containing general and special exceptions, general denial, and adopting the proceedings of his codefendant, McCaskill. These amendments are filed subject to their pleas of privilege and pleas in abatement originally filed in the justice court, and refiled in the county court.

Plaintiff replied to the defendants' amended answers by a supplemental petition which consists of special denials of the facts therein alleged, and further alleges that defendant McCaskill's plea in reconvention for damages were filed fraudulently in order to confer jurisdiction by appeal upon the Court of Civil Appeals.

The defendants also filed a motion to strike out plaintiff's pleadings because the cause of action set up in the county court is separate and distinct from that pleaded in the justice court. This motion was also overruled, as well as the defendants' exception to all of plaintiff's pleadings, both original and supplemental.

The case was submitted to the jury upon special issues, and resulted in a judgment in plaintiff's favor in the sum of $74. The findings of the jury are, briefly, as follows:

(1) That defendants fraudulently represented to Clay that they were selling him a new machine.

(2) That he believed the representations and was induced thereby to purchase it.

(3) That the machine so purchased was worth $99.

(4) That Clay's secondhand machine given in exchange was worth $25.

(5) That at the time Clay instituted this suit he honestly believed he had a meritorious cause of action.

(6) That Clay did not conspire with Hoggins to induce him to sue defendants.

(7) That Clay had not maliciously intermeddled with the business of defendants.

(8) That neither Clay nor Hoggins had sued maliciously and fraudulently for the purpose of causing defendants to suffer loss and incur expense.

(9) That McCaskill had suffered no damages by reason of any wrongful or malicious act of Clay.

(10) That Clay had been damaged by reason of the purchase of the machine in question in the sum of $74.

[1] In the original opinion we held that this court had no jurisdiction of the appeal, and based that holding upon consideration of the defendants' cross-action for $185, having decided that the facts upon which they based their cross-action did not constitute a meritorious cause of action. Pye v. Cardwell, 110 Tex, 572, 222 S. W. 153. We still adhere to the holding that defendants' cross-action is without merit, and the grounds therein alleged can form no proper basis for recovery.

[2] In the motion for rehearing the defendants call our attention to the fact that in the county court plaintiff sued for $94 and interest. He made no claim for interest in the justice court, but it appears by calculation that the $94, with 6 per cent. interest for the

time it is claimed, amounts to a fraction more than $100, which conferred jurisdiction upon this court of the appeal. without regard to the defendants' cross-action. The original opinion is therefore withdrawn.

The case is submitted here upon 23 propositions of law and a voluminous record. Although it· is out of proportion to the amount ·involved or the questions presented, nevertheless we have carefully reviewed the 40-page brief filed by the appellants, and will discuss the propositions in the order presented.

There was some evidence introduced in the county court tending to sustain McCaskill's plea of privilege. He testified that he had been living in Amarillo for four or five years, which includes the time during which this suit has been pending; but we fail to find any testimony that his codefendant, Rains, ever resided in Potter county. But we do not rest the decision of the case here.

By the first proposition, it is insisted that there was neither pleading nor proof of any fraud committed in Wheeler county which would entitle the plaintiff to maintain this suit there under the exception to the general statute. The statement of facts before us purports to be a statement of the facts adduced upon the trial of the case upon its merits. We find no separate statement of facts which relates to a trial of the issues made by the pleas of privilege and in abatement and the controverting affidavit. We will, however, proceed upon the assumption that the pleas of privilege were tried in connection with the case upon its merits. If we are correct in this, then there is ample testimony to sustain the allegation of fraud committed in Wheeler county. Upon that issue, the evidence was sharply conflicting; but the testimony of the plaintiff and his wife, when read in full, fully sustains the findings of the jury upon the issue of fraud.

[3] By the second proposition the defendants insist that plaintiff's controverting affidavit is insufficient under the provision of R. S. 1925, art. 2007, that—

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

The substance of the controverting affidavit is that plaintiff bases his suit on fraud and deceit perpetrated in Wheeler county, Tex.; that the defendants, acting together, sold him in Wheeler county, Tex., a certain sewing machine, representing that· it was new and had never been used, when in fact the machine was secondhand and badly worn; that the defendants had painted and covered up all worn parts, and fraudulently concealed them from the plaintiff, and well knew that it was used and worn, and that the same was not a new machine as repre-

sented by them; and that he brought his suit under subdivision 7 of article 1830, V. S. C. S. The controverting affidavit does not contain all of the allegations required in a plea of fraud, but it must be borne in mind that this. action originated in the justice court, and the facts alleged are sufficient to apprise the defendants of what the plaintiff expected to prove to sustain his allegation of fraud.

This court, in the case of Panhandle Grain & Elevator Co. v. Dowlin, 247 S. W. 873, quoting from the Supreme Court (Ware v. Shafer et al., 88 Tex. 44, 29 S. W. 756), said:

"The object of pleading is to notify the opposite party of what it is expected to prove as the ground of plaintiff's action, or the defendant's defense, so that he may prepare for the trial of the issues thus tendered. * * * To determine whether or not a pleading presents a certain issue, it is a safe rule to look at the pleading from the standpoint of the party against whom it is exhibited, and ascertain if the allegations are sufficient to notify him that the evidence offered will be produced, or that he will be ·called upon to present evidence to meet it."

[4] The plaintiff had orally pleaded his case at considerable length in the county court, a stenographic report of which appears in the record, and to which no exceptions as to its sufficiency are urged here. Reference to the statement of facts shows that the defendants were fully prepared to meet with their evidence the allegations of fraud made by plaintiff, and, upon the authorities cited in the Dowlin Case, we think no injury has been shown, and, for the purposes of a trial of the issue of venue, the controverting affidavit is sufficient. Cunningham et al. v. Paramount Oil & Gas Co. (Tex. Civ. App.) 252 S. W. 888; Barthold et al. v. Thomas (Tex. Com. App.) 210 S. W. 506; Texas Pipe Line Co. v. Huddleston (Tex. Civ. App.) 274 S. W. 168—announces the rule well recognized by the courts in this state, that the rules relating to pleading in justice court cases appealed to the county court should not be so strictly enforced as they are in other cases. As held in Vaughan Lumber Co. v. Bybee & Wood (Tex. Civ. App.) 191 S. W. 827, if from all that is stated orally, or written in pleading in the justice court, the court can ascertain what rights the plaintiff asserts, or what defense the defendant interposes, the pleading is sufficient.

Tested by these rules, the court did not err in overruling the defendants' exceptions to the controverting affidavit.

[5, 6] Under the third proposition, defendants insist that because the justice court in Potter county had first acquired jurisdiction of the subject-matter of this suit, it was error for the court. to overrule the pleas in abatement, which set up the fact of a prior suit pending between the same parties involving the same subject-matter. This prop-

osition is without merit. McCaskill had sued Clay in the justice court of Potter county and recovered a judgment upon the note on the 2d day of July, 1922. The pleas in abatement were first filed in the justice court of Wheeler county November 21, 1923. The defense of a prior suit pending was therefore erroneously interposed by a plea in abatement. If the parties and issues had been the same in both cases, the proper plea would have been res judicata, and it seems that this plea was interposed by the defendants in the county court; but the evidence does not sustain either plea. Rains was not a party to the suit in Potter county, nor was the issue of fraud presented in that case. The right of McCaskill to recover upon his note was not an issue in this case tried in Wheeler county, and this proposition must therefore be overruled.

[7] By the fourth proposition, the defendants insist that plaintiff pleaded a different cause of action in the county court, and that the trial court erred in not sustaining their motion to strike plaintiff's pleading. The gist of plaintiff's action is fraud and deceit in inducing him to purchase the machine, and in delivering to his home during his absence a secondhand defective machine, when they contracted to deliver him a new one. He sues for the same amount in both courts. Although the amount of his claim may be ascertained by two different calculations, the rule is that on an appeal to the county court, the plaintiff may amend his pleadings so as to make them conform to the evidence adduced in the justice court. Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139; Barnard & Moran v. Williams (Tex. Civ. App.) 166 S. W. 910; Barthold v. Thomas, supra.

[8] The defendants insist, under the fifth proposition, that because the plaintiff's pleadings show upon their face that defendants were residents of Potter county, and further show that fraud is not the gist of the action, the court should have sustained defendants' special exception. As above stated, we think the pleadings clearly show that the gist of plaintiff's action is fraud in inducing the sale, and the case was tried upon that theory in the lower court. This being true, plaintiff was, under the exception to the venue statute, clearly entitled to maintain his action in the county where the fraud was perpetrated; and the finding of the jury as to the fraudulent representations are conclusive of this contention.

[9] The sixth proposition is:

"The pleadings of plaintiff in the county court show that it was known that the machine was a secondhand machine when it was delivered and plaintiff was not deceived, and said pleading was subject to defendant's special exception."

The exception urged has no bearing upon the proposition presented. The evidence shows that plaintiff was not at home when the secondhand machine was left at his house. He specifically alleges that they contracted and agreed to deliver him a new machine, and breached their contract by delivering a used or secondhand machine. He proved these allegations to the satisfaction of the jury. Plaintiff did not base his action upon a breach of the written warranty. He claims damages because defendants sold and agreed to deliver a new machine, and fraudulently delivered one which had been used and was worn, and had been painted over to conceal that fact. There is an implied warranty that a new machine, as contracted for, should be delivered.

As stated in 2 Mechem on Sales, § 1154:

"The article delivered or demanded under the contract must be the article which the parties respectively agreed to buy and sell. If they contracted in respect of a definite, ascertained and existing article, nothing but that identical article will satisfy the contract: The seller cannot deliver anything in its stead, nor can the buyer demand something else in place of it. The tender of something else, though equally valuable or useful, will not satisfy the seller's duty. Neither can the buyer be compelled to take something else at a reduced price. This is too obvious to require extended discussion." Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Markham W. & E. Co. v. Plotner & Stoddard (Tex. Civ. App.) 140 S. W. 356; 35 L. R. A. (N. S.) 265, 272, 277.

[10, 11] It is contended under the seventh proposition that the measure of damages claimed in the petition is not the proper measure. We think it is. He contracted for a new machine, which he says was of the reasonable value of $119, and that they delivered him a used machine of the value of $25. He was not suing for a rescission of the contract, and therefore the proper measure of his damages was the difference between the value of that contracted for and the one delivered. Browne v. Allen, 53 Tex. Civ. App. 458, 116 S. W. 133; Harris v. Bank (Tex. Civ. App.) 45 S. W. 311. The market value of the secondhand machine was not an element to be considered in ascertaining his damages, but proof of its actual or intrinsic value was proper. Pecos & N. T. Ry. Co. v. Porter (Tex. Civ. App.) 156 S. W. 267.

[12-14] It is insisted under the eighth proposition that because the transcript from the justice court contained no notation of any pleadings by the plaintiff in that court, the county court erred in permitting the plaintiff to testify, and in overruling the objections to all of his testimony upon that ground. Defendants are inconsistent in this insistence, in that, under another proposition they insist that plaintiff's pleadings in the county court show a cause of action different from that pleaded in the justice court, and they quote from the citation, which we do not

find in the record, to show the substance of plaintiff's pleading in the justice court. It is true that the proper practice requires that the pleadings in the justice court, if oral, should be noted upon the docket; but the failure to do so cannot properly be raised on appeal in the county court by an objection to testimony. If available at all, the question should have been presented by motion to strike plaintiff's pleadings in the county court. Moreover, the record shows that the defendants urged general and special exceptions to plaintiff's pleadings in the justice court, and that the justice overruled them. If the objection had been properly raised in the county court, then plaintiff would have been allowed to show by testimony, if necessary, what his pleading really was in the justice court. Hufstutler v. G. C. & S. F. Ry. Co. (Tex. Civ. App.) 216 S. W. 499. Aside from this, however, we must presume, where the substance of oral pleadings is not noted upon the justice docket, that the plaintiff did orally plead in the justice court, from which the information was received, enabling the justice to note the cause of action upon his docket, and that the failure to note the pleadings upon the docket is attributable to the justice of the peace. Amarillo Commercial Co. v. C. R. I. & G. Ry. Co. (Tex. Civ. App.) 140 S. W. 377; Grayson v. Hollingsworth (Tex. Civ. App.) 148 S. W. 1135; Howard v. Faggard (Tex. Civ. App.) 32 S. W. 188; Watson v. Paddleford & Son (Tex. Civ. App.) 220 S. W. 779.

[15-17] Over the objection of defendants, plaintiff was allowed to testify as to the amount of the judgment which he had recovered in the justice court, and to further state that he was satisfied with what was done there, and did not appeal. This testimony was clearly irrelevant, but the error is shown by the record to be harmless. It certainly did not influence the action of the jury, since plaintiff recovered $94 in the justice court, and only $74 in the county court. By the promulgation of rule 62a, the Supreme Court abolished the presumption, which previously obtained, that injury results from all erroneous rulings of the trial judge. Under rule 62a appellant has the laboring oar and must show that the error complained of resulted to his prejudice. Millers' Indemnity Underwriters v. Shrieber (Tex. Civ. App.) 240 S. W. 963; Wells, Fargo & Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 120.

[18] The next contention is that the court erred in permitting plaintiff's attorney to testify that plaintiff came to him for advice and counsel and the advisability of filing a contest in the suit against him on the note at Amarillo, and that he advised plaintiff that he had a meritorious cause of action triable in Wheeler county.

[19] The defendants, by their cross-action, sought to recover damages upon the ground that plaintiff had maliciously and wrongfully sued them in Wheeler county, and, prompted by malice, had induced another party to file suit in that county. This testimony showing that plaintiff acted upon the advice of reputable counsel was clearly admissible upon this issue. The defendants, by their own pleadings, had injected this issue into the case, and it does not lie in their mouths to object to competent testimony which tended to rebut the charge of malice. Stein v. Greenebaum (Tex. Civ. App.) 203 S. W. 809.; M., K. & T. Ry. Co. v. Groseclose, 50 Tex. Civ. App. 525, 110 S. W. 477; Shannon v. Jones, 76 Tex. 141, 13 S. W. 477.

The court did not err in not directing a verdict against the plaintiff, because there was testimony sufficient to support the jury's finding that plaintiff had been damaged in the sum of $74.

[20] The defendants further urge as error the action of the court in submitting special issue No. 3, inquiring as to the value of a new sewing machine at the time the contract was made, because there was no evidence that plaintiff had paid for such machine or suffered any damages by reason of not having received a new one. It is further contended that the finding of damages by the jury is not supported by any evidence, but is the result of bias or prejudice. The defendants requested the special issue upon which the finding is based, and the testimony amply supports the finding. There is nothing in the record to show that the jury was actuated by either bias or prejudice.

[21, 22] The next contention is that the court erred in entering judgment for plaintiff, because the amount sued for and the judgment rendered in the justice court was in excess of the jurisdiction of said court. It is true that the justice's judgment is in favor of the plaintiff against each of the defendants in the sum of $94, being in the aggregate $188, instead of $282, as asserted by defendants in their motion for rehearing. Plaintiff did not ask for interest in the justice court, and the amount, recovered is therefore not in excess of the jurisdiction of that court; however, when a case originating in the justice court is appealed to the county court, the statute expressly provides that the trial shall be de novo in the county court, and that court is not vested with the power of reviewing and correcting the errors, if any, in the justice court.

[23] By their twenty-third proposition, they attack the action of the county judge in overruling their special exception to plaintiff's pleading, which alleged that the defendants in the county court by reconvention had fraudulently sought to recover an amount which would give the Court of Civil Appeals jurisdiction. The court overruled the exception. As heretofore stated, the items claimed in reconvention were not recoverable and, as a matter of law, would not have conferred jurisdiction upon this court, and it

therefore becomes immaterial whether they were fraudulently made, or made under the mistaken impression that such damages were recoverable in law.

We have carefully denuded this humming bird of its turkey gobbler's plumage, and failing to find any reversible error, the judgment is affirmed.