## In re JOE H. MOORE MOTOR CO., Inc.
### No. 479.

District Court, N. D. Texas, San Angelo Division.

April 25, 1931.

certain furniture, fixtures, and shop equipment, by virtue of a chattel mortgage. The trustee contended that the description of the property in the mortgage was insufficient to permit the allowance of the claim as secured. The referee sustained the trustee's contention.

The mortgage is written upon a blank, which was evidently intended for a cattle mortgage. The latter portion of the typewritten part reads as follows: "Furniture and fixtures. Also all shop equipment inventory, $2211.09. Also second hand cars; all real estate inventory, $4500.00, all buildings, inventory, $5546.20."

The mortgagor is described as: " * * * We, Joe H. Moore Motor Company, Inc., Joe H. Moore, manager, Big Lake, Texas, of the county of Reagan, in the state of Texas, party of the first part."

In a paragraph near the bottom of the blank are the following words: "For the purpose of obtaining at this time a loan of the money represented by the note aforesaid, the first party represents that he is the absolute owner of all said above described chattels, that the description, age, marks, and brands, are as stated. That said property is free from any incumbrances, and that same is now in his possession at the place described in this mortgage."

Immediately following the typewritten part of the mortgage are these words, the sentence beginning with a small letter, and evidently being printed in the blank to continue what was thought to be a description of cattle, "being all of the cattle owned by the first party bearing said marks and brands, whether in excess of the above numbers or not; together with all increase and offspring of said cattle. The marks and brands used above and describing the said property are the holding marks and brands and carry the title, although said property may have other marks and brands."

These proceedings are at equity. The chancellor looks to the substance of things. Justice and such aids and construction as assist in affording such result are welcomed.

We may, therefore, ignore the last above-quoted immaterial and unassisting language which has no purpose in the contract between the parties. The paragraph taken from the same blank, which was evidently overlooked by the trustee and by the referee, is in complete harmony with the transaction between the mortgagor and mortgagee, and assists in carrying to a fruition what they

Wright & Yowell, of San Angelo, Tex., for the creditor.

Lee Upton, of San Angelo, Tex., for the trustee.

ATWELL, District Judge.

The First State Bank of Big Lake filed a claim for $10,000, asserting a lien upon

evidently intended. Hence it may be considered a part of the contract.

The first part of the typewritten paragraph which contains a statement of the property given as security sets out a number of automobiles, giving the make and motor number, and satisfactory description. Then follows the above-quoted portion with reference to furniture, fixtures, shop equipment, secondhand cars, real estate, and buildings. The face of the mortgage informs the creditor or any other prospective dealer with the mortgagor that the mortgagor was the Joe H. Moore Motor Company, and that Joe H. Moore was the manager, and that its place of business was Big Lake, Reagan county, Tex., and that the mortgagor had granted, bargained, sold, assigned, and delivered, to the First State Bank, mortgagee, all of the articles of personal property described in the typewritten schedule which followed. The mortgage also informed such inquirer that the property was in the possession of the mortgagor, and that it was at the place described in the mortgage. These statements meant that the property was in the possession of Joe H. Moore Motor Company at Big Lake, Reagan county, Tex.

The text authorities, led by eleventh Corpus Juris, 465, agree that, "when neither the location, the ownership, nor the possession of the property is stated in the mortgage it is ordinarily fatal to the description. And in all cases the location of the property mortgaged must be stated, where the property cannot otherwise be sufficiently identified, or it is not otherwise sufficiently described, and in such case an erroneous statement of the location invalidates the mortgage as to third persons, without notice. Ordinarily, however, a statement of location is but one of several elements of the description, and where the property is otherwise sufficiently described it may be omitted, or if erroneously stated, may be rejected as surplusage. In any event, as between the parties, an erroneous statement of the location will not affect its validity. As a general rule, the location of the mortgaged property is sufficiently stated if the instrument suggests inquiries which, if pursued, would enable third persons to ascertain the situation thereof at the time of the execution of the mortgage. * * * The location of the property is sufficiently indicated by a recital that the mortgagor is the owner and has possession, and that he resides at a stated place, or where such facts may be reasonably inferred from the entire instrument."

The trustee stands in the shoes of a most favored creditor. But one who so stands is charged with the notice of such facts as would put him upon inquiry, which, if pursued, would disclose what the mortgage covers. Likewise, when the mortgagor, at the time of giving the mortgage, owns no other property, a description which would be insufficient if there were other property will be held sufficient.

A mortgage given by one upon property which is displayed in the market place of the giver must be in substantial harmony with the foregoing rules, otherwise the innocent may suffer and the trader may be misled into believing that his customer is solvent by reason of the display of property, when, as a matter of fact, the customer may be insolvent or heavily burdened with debt.

It would seem, however, that all of these legal cautions and markings for safety in business are sufficiently recognized in the mortgage of the bank. The location of the property, its possessor, its character, and its value are disclosed. Cases that are interesting to one studying the point are: Johnson v. Brown (Tex. Civ. App.) 65 S. W. 485; Conley v. Bank (Tex. Civ. App.) 181 S. W. 271; Handley v. Gin Co., 87 Tenn. 109, 9 S. W. 372; Childress v. First State Bank of Barnhart (Tex. Civ. App.) 264 S. W. 350; Farmers' & Merchants' Bank v. Howell (Tex. Civ. App.) 268 S. W. 776; Radford v. Bacon Securities Co. (Tex. Civ. App.) 18 S.W.(2d) 848; Watson v. Paddleford & Son (Tex. Civ. App.) 220 S. W. 779; Solinsky v. O'Connor (Tex. Civ. App.) 54 S. W. 935; Maloney v. Greenwood (Tex. Civ. App.) 186 S. W. 228; Alferitz v. Ingalls (C. C.) 83 F. 964, 966.

It is unnecessary to suggest that language which seeks to fix a lien upon a part of a lot of property without showing which part of such lot is so incumbered would be insufficient. In re Schuller (D. C.) 108 F. 591. But no such criticism may be successfully urged in the present case. The lien covers furniture and fixtures, all of the same, doubtless. Also all shop equipment; all secondhand cars; all real estate; and all buildings.

It seems that the referee was in error, and an order will be drawn allowing the claim as a secured claim.