**GUARANTY STATE BANK OF OLDEN et al. v. GREER.    (No. 1577.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1924. Rehearing Denied March 27, 1924.)[1]

1. **Justices of the peace** ⟨⇒174(2½)—Strict rules of pleadings unnecessary in cases originating in justice court.

Where a case originates in a justice court and is appealed to the county court, strict rules of pleadings are not required.

---

[1] Second motion for rehearing, filed by leave of court, granted and opinion filed May 1, 1924. Third motion for rehearing granted May 29, 1924, opinion of May 1, 1924, withdrawn, and original order affirming stands.

---

2. **Appeal and error** ⟨⇒1001(1)—No reversal of verdict as contrary to evidence where there is evidence to support it.

Where there is evidence to support the jury's finding, the appellate court cannot reverse on the ground that the verdict was contrary to the evidence.

3. **Appeal and error** ⟨⇒499(4)—Assignment of error in charge not seasonably objected to overruled.

Where the record discloses no objection seasonably filed to the giving of a special charge, an assignment of error therein must be overruled.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Suit by H. L. Greer against the Guaranty State Bank of Olden, Tex., and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Turner, Seaberry & Springer, of Eastland, and Lee J. Marks, of Fort Worth, for appellants.

Owen & Owen, of Eastland, for appellee.

HARPER, C. J. This suit was brought by appellee against the Guaranty State Bank of Olden, Tex., for $161, alleging that he deposited a check in said bank for said amount, was given credit therefor, and that the bank failed to use due diligence in its collection, failed to collect it, and charged the amount off his account. Tried first in the justice court and appealed to the county court, and an appeal is perfected from a judgment against the bank for the full amount in favor of plaintiff.

The first assignment is that the court erred in overruling general demurrer to plaintiff's petition.

[1] Where the case originates in the justice court and appealed to the county court, strict rules of pleadings are not required, so in this case are sufficient as against general demurrer. W. U. Tel. Co. v. Huffstutler (Tex. Civ. App.) 188 S. W. 455.

[2] The second is: The verdict of the jury on special issue No. 1 is contrary to the law and the evidence. There is evidence to support the finding, so we are not authorized to reverse.

[3] The third assigns error to giving a special charge. The record does not disclose that any objection was seasonably filed to giving of this charge, so the assignment is overruled for that reason.

Affirmed.

---

⟨⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes