**SHIELD CO., Inc., v. CARTER et ux.**

No. 12762.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 28, 1933.

Rehearing Denied March 4, 1933.

Richard Owens, of Fort Worth, for appellant.

W. H. Tolbert, of Fort Worth, for appellees.

DUNKLIN, Justice.

The Shield Company, who was defendant in the court below, complains of a judgment rendered against it in favor of A. Carter and wife for the purchase price paid by plaintiffs for a radio. Plaintiffs purchased the radio from the defendant for the sum of $61.38 and paid that price in cash at the time of the delivery of the instrument. After its delivery plaintiffs, upon tests made, found that it was not of the quality and efficiency that defendant had guaranteed when it was sold. Upon making that discovery, plaintiffs returned the instrument to defendant and demanded reimbursement of the price paid. The defendant refused that demand, but sent to plaintiffs' residence another instrument of a larger size, with a request that they accept the same in lieu of the first instrument, at a higher price, with a credit thereon for the amount paid for the first instrument. Plaintiffs declined that offer and refused to return the larger instrument until they should be reimbursed for the money already paid for the first. Defendant then by judicial process recovered possession of the larger instrument. Plaintiffs then instituted this suit in the justice court to recover the price they had paid for the first instrument and also for actual and exemplary damages.

Upon trial in the justice court plaintiffs were awarded a recovery for the purchase price and $25 damages additional. The defendant prosecuted an appeal from that judgment to the county court, and this appeal is from the judgment rendered in that court for $61.38 with legal interest from the date of plaintiffs' demand for return of the money up to the date of the judgment; although the judgment was upon an instructed verdict for $61.38 with no award of interest.

The principal contention presented by different assignments of error is the alleged failure in plaintiffs' pleadings and also an alleged failure of proof to show the proper measure of damages. It is insisted by appellant that plaintiffs had the right of election of one or the other of the following remedies, to wit, a suit to rescind the contract, or recover the difference between the market value of the radio purchased by them in the condition it was when purchased and of what would have been its market value had it been of the quality represented; and that there was no basis in the pleadings for a recovery on either of those theories.

■■ The trial of the case was upon oral pleadings which were duly noted in the trial court and appear in the transcript here. The pleadings show allegations of the facts substantially as recited above, and also that the defendant has retaken and now holds the radio sold to the plaintiffs and also retains the purchase price paid by them therefor, while plaintiffs have nothing in return for the money paid. It is a well-established rule that oral pleadings in the justice court and in the county court, on an appeal from the justice court, are construed liberally, and not with the same strictness as in cases originating in the county or district courts. And we have reached the conclusion that there was a proper basis for a recovery of the purchase price paid for the instrument awarded by the court. Guaranty State Bank of Olden v. Greer (Tex. Civ. App.) 261 S. W. 484; McCaskill v. Clay (Tex. Civ. App.) 284 S. W. 643; Mueller v. Simon (Tex. Civ. App.) 183 S. W. 63. We quote the following from 50 Corpus Juris, p. 876, par. 858: "If the goods are worthless, or if they have been destroyed through the defects warranted against, or if the seller has retaken the property, the buyer can recover the amount paid, irrespective of a return or tender."

If the plaintiffs still retained the radio purchased, there would be merit in appellant's contention noted above, but the authorities cited in support of that contention are not applicable under the facts and pleadings related.

■ There is no merit in the further assignment to the action of the court in allowing interest on the purchase price from the date of its receipt by the defendant up until the date of the judgment, even though the verdict of the jury did not award interest. Rule 62a for the government of Courts of Civil Appeals; McCanless v. Devenport (Tev. Civ. App.) 40 S.W.(2d) 903; Watts v. Continental Casualty Co. (Tex. Com. App.) 18 S.W.(2d) 591. See, also, article 2211, Rev. Civ. Statutes, as amended by Acts of the 42d Legislature, p. 119, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211), according to which the trial court was authorized to include interest in the judgment notwithstanding the absence of a finding by the jury therefor.

For money had and received there is an implied contract to pay interest as a legal incident to the debt, under provisions of article 5069, Rev. Civ. Statutes, and it is the duty of the trial court to instruct a jury to allow the same. H. & T. C. Ry. v. Jackson, 62 Tex. 209, 212 (local citation), citing and following the decision in Fowler v. Davenport, 21 Tex. 626, 635. If the trial court had refused to allow interest as a part of the recovery, then this court would have jurisdiction to so reform the judgment as to award that relief under provisions of article 1856, Rev. Civ. Statutes.

Accordingly, all assignments of error are overruled, and the judgment of the trial court is affirmed.