## STATE v. POWELL et al.
### No. 7923.

Court of Civil Appeals of Texas. Austin.
Feb. 21, 1934.

Rehearing Overruled March 28, 1934.

James V. Allred, Atty. Gen., and R. W. Yarborough, Asst. Atty. Gen., for the State.

N. C. Walker, of San Saba, for appellee L. P. Powell.

Burney Braly, John A. Braly, and G. R. Pate, all of Fort Worth, for appellee Continental Oil Co.

BLAIR, Justice.

This is an appeal by the state from an order sustaining the pleas of privilege of Continental Oil Company and L. P. Powell and transferring the case to San Saba county, the domicile of Powell. The state sued for $3,197.84, alleged to be due as interest on delayed payments of the one-sixteenth royalty due the state from an oil and gas lease executed by appellee Powell individually and as agent for the state under the relinquishment act; and by its controverting affidavit the state alleged and proved on the venue hearing, in substance, as follows:

On June 8, 1925, appellee Powell executed to Wade and Bryan an oil and gas lease on certain land, the lease reciting that lessor executed same individually and as agent of the state. Before any oil was produced, Wade and Bryan assigned their interest to Carl G. Cromwell, who developed the land and began producing oil therefrom in March, 1926. On March 1, 1926, Cromwell entered into a written contract with Kay County Gas Company, an Oklahoma corporation, to purchase all oil produced from March 1, 1926, to February 28, 1931. The contract obligated Kay County Company to mail or deliver checks covering all oil delivered to it "on or before the 25th day of each month for all oil received during the first fifteen days of the month, and for all oil received from the 16th to the last day of the month checks shall be mailed or delivered on or before the 10th day of the next succeeding month."

Kay County Gas Company, acting under this contract, paid directly to lessees and royalty owners the sixteen-sixteenths of the value of the oil, and paid the one-sixteenth royalty which should have been paid to the state under the terms of the relinquishment act to Powell during most of the five years covered by the contract. The purchasing contract recited that "it shall be binding upon each of the parties thereto and their successors * * * and assigns." The Kay County Gas Company was dissolved, just when the record does not disclose. Prior to its dissolution, it sold the oil from the lease to appellee Continental Oil Company, and it continued to pay the lessees and royalty owners, either directly or in the name of the Kay County Gas Company, the full sixteen-sixteenths of the oil produced on the lease, and paid the one-sixteenth royalty due the state to Powell as it accrued from month to month. Article 5381 provides that all such royalty due the state "shall be due and payable to the Commissioner at Austin."

We have reached the conclusion that the trial court erred in sustaining the pleas of privilege of both Continental Oil Company and Powell. Subdivision 5 of article 1995 provides that, "if a person has contracted in writing to perform an obligation in a particular county, suit may be brought * * * in such county." The pleadings and evidence on the venue issue showed that Kay County Gas Company had contracted in writing to purchase the oil, and had by its course of dealing construed the contract to require it to pay directly to the lessees and the royalty owners their respective interests in the oil. Article 5381 required that the one-sixteenth royalty due the state from leases executed under the relinquishment act "shall be due and payable to the Commissioner at Austin." Kay County Gas Company therefore wrongfully paid the state's one-sixteenth royalty to Powell, and was liable for interest on the amount of this royalty from the time it wrongfully paid same to Powell until he paid it to the state. Prior to the dissolution of Kay County Gas Company appellee Continental Oil Company purchased the oil from it. The purchasing contract bound all assignees to its terms, and the Continental Oil Company thereafter construed the contract as requiring it to pay the lessees and royalty owners directly for their respective interests in the oil, and said company, like the Kay County Company, wrongfully paid the state's one-sixteenth royalty to Powell, who later paid it to the state as aforementioned. The Con-

tinental Oil Company later assumed liability for and paid to the state its one-sixteenth royalty due from the lease for three different months prior to the dissolution of the Kay County Company and before the Continental became the purchaser of the oil.

By statute the royalty collected by Powell was payable to the state on or before the 20th day of each month for oil produced during the preceding month, and interest at the legal rate would run from the date the royalty should have been paid. Article 5380; Shield Co., Inc., v. Carter (Tex. Civ. App.) 58 S.W.(2d) 1068; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11. Powell was not authorized to collect the one-sixteenth royalty due the state from the lease in question. Article 5381; Empire Gas & Fuel Co. v. State (Tex. Civ. App.) 21 S.W.(2d) 376, affirmed by the Commission of Appeals, 121 Tex. 138, 47 S.W.(2d) 265, 266, where it is further held that "it is a rule in this state that, where contract is made, like the one under consideration, with reference to the performance of certain acts prescribed by statute, the contract and statute will be considered together, and, in view of the language of the statute that all sums of money owing the state 'shall be due and payable to the Commissioner at Austin,' is considered to be a contract in writing to perform an obligation in Travis county, Tex." The same statutes are involved in the instant case, and it is controlled by the rule stated in the Empire Gas Case.

The Continental Oil Company contends, however, that the state failed to establish a prima facie cause of action against it as the alleged successor or assignee of Kay County Company, in that, on the face of the lease contract between Powell and the oil and gas lessee and the purchasing contract between the Kay County Company and the oil and gas lessee, there was no privity between the Kay County Company and the state or any other party to the suit. This contention is contrary to our above conclusions and the authorities cited.

Nor do we sustain the contention of appellee Continental Oil Company that the state wholly failed to establish prima facie that it had assumed any obligation of the Kay County Gas Company, or that it was primarily liable on any cause of action asserted in the state's petition. The evidence is undisputed that, after the dissolution of the Kay County Company, the Continental Oil Company continued to receive the oil produced from the lease. The purchasing con-

tract bound Kay County Company's successors and assigns; and the evidence is undisputed that, after the dissolution of the Kay County Company, the appellee Continental Company undertook to carry out the contract by receiving the oil and paying directly to lessees and to certain royalty owners their respective interests in the oil. The Continental obtained whatever title it had to the oil through the oil lease, which recited that it was executed for the benefit of the state, and the purchasing contract which bound all assignees to its terms; and, since appellee Continental continued to receive the oil under these instruments of conveyance, and continued to make payments due thereunder after the dissolution of the Kay County Company, it manifestly assumed the liabilities and obligations of the contracts, made itself a party to them, and is clearly liable for the interest on the amount of royalty it paid Powell after the dissolution of Kay County Company. These facts bring the case clearly within the venue rule announced in the Empire Oil & Gas Company Case, supra.

With regard to the assumption by the Continental Oil Company of the liability of the Kay County Company for wrongfully paying the state's one-sixteenth royalty to Powell prior to the dissolution of Kay County Company, the undisputed evidence shows that subsequent to the termination of the Kay County contract to purchase the oil the appellee Continental Oil Company answered the correspondence of the state auditor of Texas addressed to the Kay County Gas Company with regard to the adjustment of the payments to the state of its one-sixteenth royalty interest in the lease accruing during the months of October, 1926, and June and July of 1928. The Continental made these payments in 1931 for the royalty for these three months, which had accrued while the Kay County Company was purchasing the oil. The Continental Oil Company obtained whatever title it had to the oil through the lease and the purchasing contract of the Kay County Company; and it continued to receive the oil and make the payments due under the purchasing contract after the dissolution of the Kay County Company. The evidence concerning the relationship between Kay County Company and Continental Oil Company was wholly within the possession of Continental Oil Company. The state at least made a prima facie case under this evidence that the Continental Oil Company had taken over the Kay County Company's contract to purchase the oil and had assumed its obligations and liabilities; and the trial court incorrectly sustained the plea of privilege of the Continental Oil Company for the reasons aforementioned.

Powell was a proper and necessary party to the suit under the allegation and proof that he wrongfully received the one-sixteenth royalty interest due the state of Texas from month to month as it accrued under the lease contract which he had executed as agent of the state under the terms of the relinquishment act; and had failed to pay over to the state of Texas upon proper demand therefor its one-sixteenth royalty as it accrued from month to month, so that the state might have its joint and several judgment for interest on the royalties wrongfully collected by Powell and wrongfully retained by him after he had received them. Empire Gas & Fuel Co. v. State, supra.

The state asserted several other grounds of venue; but, since we are clear in the view that the pleas of privilege of the Continental Oil Company and Powell should not have been sustained on the aforementioned ground, we will pretermit a discussion of the other issues, and reverse the judgment of the trial court, with instructions to overrule the pleas of privilege of Continental Oil Company and L. P. Powell.

Reversed and remanded, with instructions.