### PRUITT et al. v. LUBBOCK CIVIL SERVICE COMMISSION.

#### No. 6071.

Court of Civil Appeals of Texas. Amarillo. Oct. 2, 1950.

Rehearing Denied Nov. 6, 1950.

Orville M. Jobe, Waco, for appellants.

Vaughn E. Wilson, Lubbock, for appellee.

LUMPKIN, Justice.

In this case the appellants—J. W. Pruitt and Woodrow Quinn—seek a writ of mandamus to compel the appellees—the officials of the City of Lubbock and the members of the Civil Service Commission of the City of Lubbock—to reinstate them to their former positions in the classified service of the Lubbock Fire Department. After a hearing before the court without a jury, the appellants' application for writ of mandamus was denied, and from this action of the court the appellants have duly perfected their appeal.

The appellants, who had been members of the Lubbock Fire Department for several years, had been elected as delegates to a seven-day convention of the International Fire Fighters' Association at Houston. (Approximately sixty per cent of the Lubbock Fire Department are members of this union.) On September 8, 1948, the appellants applied to the City Commission for permission to attend the convention with pay, but the City Commission denied the request. The appellants then offered to get other firemen to work for them and asked the City Commission for permission to attend the convention under these circumstances. This request was also refused. Immediately following this action of the City Commission, however, the appellants arranged with fellow firemen to man their shifts and went to Houston where they attended the convention. On their return to Lubbock they made a report to members of the union but did not report to the Fire Chief, the City Manager or the City Commission. The appellants received their salary as city firemen for the seven days they were absent.

About the middle of December, 1948, the City Manager learned that the appellants had attended the Houston convention. On December 20, 1948, after an investigation by the City Manager and the Fire Chief, the City Commission passed the following resolution: "To Instruct the City Manager to instruct the Chief of the Fire Department to dismiss the firemen who attended the International Fire Fighters' meeting at Houston, Texas; the City Commission on September 8, 1948, having refused to allow said firemen to attend this meeting."

On December 22, 1948, the Fire Chief, pursuant to Rule XX, Sec. 110, of the Firemen's and Policemen's Civil Service Rules for the City of Lubbock, informed each of the appellants that he was suspended without pay. Each appellant filed with the Civil Service Commission a written no-

tice of appeal. On December 31, 1948, after a hearing, the Civil Service Commission affirmed the order suspending the appellants. This final action by the Civil Service Commission amounts in effect to the appellants' dismissal as city firemen. Soon thereafter the appellants filed this case in the District Court.

The appellants maintain that their discharge was in violation of the Firemen's and Policemen's Civil Service Act, Article 1269m, Vernon's Annotated Revised Civil Statutes; that they did not violate any rules of the fire department and, therefore, the Civil Service Commission acted in an arbitrary and unreasonable manner in affirming the order suspending them; that their discharge violates Articles 5154c and 5207a, Vernon's Annotated Revised Civil Statutes; and that the evidence before the trial court was insufficient to support the discharge.

In our opinion this case is not governed by the provisions of Article 1269m, commonly called the Firemen's and Policemen's Civil Service Act. The Supreme Court had practically the same question before it in the case of City of Sherman v. Arnold, 226 S.W.2d 620, 621. In that case a member of the Sherman Fire Department was indefinitely suspended by the Fire Chief. The suspended fireman filed with the Civil Service Commission a written notice of appeal and later filed a motion asking that he be reinstated. He alleged that Sec. 23 of Article 1269m requires the Civil Service Commission to publish all of the rules and regulations promulgated by it; that the Civil Service Commission had not legally adopted rules and regulations; that if such rules had been adopted, they had not been published; and that the Board, therefore, was without jurisdiction to hear his appeal. The Sherman Civil Service Commission had prepared and adopted rules and regulations with reference to procedure and had presented these rules to the City Commission for approval and adoption. The rules pertaining to classification had been prepared by the Civil Service Commission but had not been submitted to the City Commission for approval.

In setting forth the steps necessary to put in operation the provisions of Article 1269m, the Supreme Court said: "Under Art. 1269m, * * * several steps were necessary to set up a firemen's and policemen's civil service, namely, (1) a favorable majority in an election held by the city desiring to adopt it, after which it becomes the duty of the city's governing body to put the law into effect, Sec. 27(a); (2) appointment and confirmation of a firemen's and policemen's civil service commission; (3) the making by this commission of rules and regulations to prescribe what constitutes cause for removal or suspension of firemen and policemen provided it involves one or more of the grounds specified in the Act, Sec. 5; (4) the classification by the commission of all the city's firemen and policemen, with such classification and the number of positions in each class to be provided by ordinance of the city Sec. 8; and (5) the publication by the commission of all rules and regulations which it may promulgate under (3) and (4), above, Sec. 23."

The Supreme Court held that since the City of Sherman had not taken some of the steps necessary to make the Act effective, the suspended fireman was correct in his contention that the Civil Service Commission did not have jurisdiction to hear and determine the charges against him. The Court also held that until the Act did become effective the fireman's rights and liabilities must be determined by the provisions of the City Charter.

Now, in the case before us, the appellants alleged that the City Commission's instruction to the City Manager and Fire Chief ordering their dismissal is illegal and ineffectual for the following reasons: It was not a civil service rule; it had not been published as required by Article 1269m; it was never made, issued or promulgated by the Chief of the Fire Department or the Civil Service Commission. The order of the City Commission is obviously not a civil service rule. Moreover, it is not in violation of the Civil Service Act, Article 1269m. At the time it was placed on the minutes of the City Commission, the

Civil Service Commission had not published the rules and regulations prerequisite to jurisdiction to hear and determine the charges against the appellants. On December 2, 1947, the City of Lubbock by an election adopted the Firemen's and Policemen's Civil Service Act. On February 26, 1948, the City Commission adopted and approved an ordinance which created and established a Civil Service System for Firemen and Policemen in the City of Lubbock. Thereafter, pursuant to Section 3 of the Act, the City Commission appointed a Firemen's and Policemen's Civil Service Commission. On July 21, 1948, the Lubbock Civil Service Commission adopted Firemen's and Policemen's Civil Service Rules for the City of Lubbock, and on September 9, 1948—the day following appellants' appearance before the City Commission— these rules and regulations were approved by the City Commission. It appears that on October 27, 1948, the Lubbock Civil Service Commission approved rules, regulations and procedures for the Fire Department. These rules set forth the various classifications for the personnel of the Fire Department. Except for the date 1949, which appears on the cover, the record does not disclose the date of printing and publishing these Fire Department rules, regulations and procedures but does disclose that they were approved by the Lubbock City Commission on December 9, 1948.

A. V. Peek, director of the Firemen's and Policemen's Civil Service, testified that the Firemen's and Policemen's Civil Service Rules were printed in January, 1949, and published by distributing copies to the men in the departments. Thus it was not until January, 1949, or later, that the provisions of Section 23 of the Act were fully carried out. It is clear, therefore, that at the time the appellants violated the order of the City Commission by attending the convention at Houston and that at the time the City Commission ordered these men discharged, the City had not taken all of the steps necessary to make the Firemen's and Policemen's Civil Service Act effective in Lubbock. Until such time as the new order provided for in Article 1269m became effective, the old order

continued; the appellants' rights as firemen for the City of Lubbock must be determined by the provisions of its Charter. City of Sherman v. Arnold, supra.

The appellants were employed by the City of Lubbock under the conditions provided in its Charter. Section 3 of Article X of the Charter gives the City Manager the power to appoint the employees of the City and to remove employees at will. It was within the authority of the City Manager to order the appellants dismissed from the Lubbock Fire Department. San Antonio Fire Fighters' Local Union No. 84 v. Bell, Tex.Civ.App., 223 S.W. 506; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774.

The appellants contend that the City Commission's instruction ordering their dismissal violated Articles 5154c and 5207a, Vernon's Annotated Revised Civil Statutes. Article 5154c, Section 4, declares that no person shall be denied public employment by reason of membership or nonmembership in a labor union, and this prohibition is made part of the public policy of the state. Article 5207a declares that it is a person's inherent right to work and bargain freely with his employer concerning terms and conditions of his employment and states that this right shall not be denied or infringed by law or by any organization. From a careful study of the record we do not believe these two statutes are material to the appellants' case. Appellants were discharged because they attended the Houston convention in violation of a specific order of the City Commission and not because of a membership or non-membership in a labor union, nor does the fact that these appellants were discharged in any way interfere with the inherent right of a person to work and bargain freely with his employer.

In our opinion the trial court did not err in not granting the appellants' application for a writ of mandamus. Because of our disposition of the case, it is not necessary to discuss the other points of error urged by the appellant. For the reasons stated in the opinion, the judgment of the trial court is affirmed.