Moses **FLENOY** et al., Appellants,

v.

S. O. **YARBROUGH** et al., Appellees.

No. 10604.

Court of Civil Appeals of Texas.

Austin.

Nov. 12, 1958.

Rehearing Denied Dec. 3, 1958.

Sam Houston Clinton, Jr., Austin, for appellants.

Cofer & Cofer; Benton Coopwood, Austin, for appellees.

ARCHER, Chief Justice.

This is a suit for declaratory judgment brought by eight union members and their union, to determine their respective collective bargaining rights under the law of the State of Texas. The appeal arises from the judgment of the Trial Court that they "take nothing by their suit."

Appellants are eight members of the Construction and General Laborers Local Union No. 790, and the Union itself. The eight individual appellants were employees of the corporation appellee at its Kinsolving Dormitory job in Austin, Texas, prior to the institution of the suit by appellants. These eight were less than a majority of the employees and also less than a majority of the common laborers at said job. On the trial below, there was no question raised of discrimination or threats or reprisals because of union activities. The only relief sought was for the Trial Court to declare that the employer must, under Section 1 of Article 5207a, Vernon's Ann.Revised Civil Statutes of Texas, recognize and bargain with appellant Union as the representative of the eight individual union member appellants only and for an injunction to compel such recognition and bargaining.

There was a stipulation of facts in writing. The Trial Court concluded, under the law of Texas, that the employer was not required or compelled to recognize and bargain with plaintiffs and that plaintiffs were not entitled to injunction so compelling employer to recognize and bargain with plaintiffs under the stipulated facts.

The appeal is founded on nine points assigned as error and are to the effect that the Court erred in holding that the plaintiffs take nothing.

Appellants say that basically there are only two points to be decided and are:

"A. Have union members the right to have their union recognized as their agent for purposes of bargaining freely with employer collectively for terms and conditions of their employment?

"B. If they do, may a state court require employer, refusing to do so, to recognize and bargain with laborers union on behalf of union members employed by employer?"

Appellees have two counter points which are as follows:

"The Trial Court correctly concluded under the laws of Texas, and particularly under Sec. 1 of Art. 5207a, Revised Civil Statutes of Texas, that an employer cannot be compelled to recognize and bargain with a representative of employees, especially when such agent does not represent a majority of the employees in a unit, and, therefore, correctly refused to so declare by entering its order that the Plaintiff take nothing.

"The Trial Court properly concluded that Plaintiffs below were not entitled to an injunction and was correct in refusing same by entering its judgment that Plaintiffs take nothing by their suit."

■ It is conceded by all parties, and we believe it to be the law, that the plaintiffs' employees have the right to organize and to bargain with the employer, and therefore do not cite any authorities other

than Construction & General Labor Union Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958.

Section 1 of Article 5207a, Vernon's Ann. C.S., reads:

"The inherent right of a person to work and bargain freely with his employer, individually or collectively, for terms and conditions of his employment shall not be denied or infringed by law, or by any organization of whatever nature."

■ We do not believe that under the above section of the statute the appellees' employers can be compelled to bargain with appellants, either individually or collectively.

It is a fact that appellants constitute less than one third of the employees of the employer in the same classification.

The appellant union sought recognition to bargain for its members, which, as above stated, constituted less than one third of the employees in the same classification.

There is no question of discrimination against the union members by the employer, because of such membership.

The case of Pruitt v. Lubbock Civil Service Commission, Tex.Civ.App., 237 S.W.2d 682, er ref., is the only Texas case cited discussing Section 1.

The Federal statutes, 29 U.S.C.A. §§ 157, 158 and 159(a) are somewhat similar to the Texas statute.

Section 158 lists certain unfair labor practices on the part of an employer in interstate commerce, one of which being the refusal to bargain with representatives of the employees meeting the requirements and provisions of Section 159(a), which section requires the agent to be certified as representing a majority of the appropriate bargaining unit.

Section 1 of Article 5207a does not create a duty on the employer to bargain with the employees.

In Local Union No. 324, International Brotherhood of Electrical Workers A.F.L. v. Upshur Rural Electrical Co-op, Tex. Civ.App., 261 S.W. 484, the Court held that the right of the employer to discharge an employee was only limited by the exception that he could not be discharged for union membership.

■ Article 5154a, V.A.C.S., prohibits picketing by employees to compel recognition and bargaining with less than a majority of the employees at the particular place of business.

It is therefore apparent that the eight appellants, being less than a majority, are by law prohibited from picketing to obtain the relief which they seek to enforce by injunction.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.