**Darrold R. NELSON, Lee P. Denin, John Robicheaux and Cynthia Sanchez, and the Orange County Deputies Association**

v.

**Huel FONTENOT, Sheriff of Orange County, Texas; Stephen C. Howard, Orange County, Texas, Attorney, David Bailey and Kenneth Ray and John Does No. 1 through 10.**

No. 1:91CV240.

United States District Court,
E.D. Texas,
Beaumont Division.

March 5, 1992.

Richard Lee Aman, Combined Law Enforcement Associations of Texas, Houston, Tex., for plaintiffs.

Donna Kalbow O'Shea, Asst. County Atty., John Cash Smith, Cimron Campbell, Mehaffy & Webber, Orange, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HOWARD'S MOTION FOR SUMMARY JUDGMENT

SCHELL, District Judge.

CAME ON TO BE CONSIDERED, Defendant, Stephen C. Howard's, Motion for Summary Judgment. After considering the motion, the response, the pleadings, the exhibits, and the affidavits, this court is of the opinion that as a matter of law Stephen C. Howard is entitled to a partial summary judgment, and defendant's motion is, therefore, GRANTED IN PART and DENIED IN PART.

FACTS

Plaintiffs are all deputies with the Orange County Sheriff's Department and were members of the Orange County Deputies Association (OCDA) in June, 1990. In August of 1990, the citizens of Orange County granted the employees of the Orange County Sheriff's Department the right to organize and collectively bargain with the Sheriff and the Commissioners Court. All of the plaintiffs were active in obtaining the above rights. Plaintiffs filed this suit alleging that the defendants conspired to prohibit the employees of the Department from organizing a union and presenting proposals to the Sheriff and Commissioners Court. Plaintiffs' suit alleges several causes of action including claims under 42 U.S.C. § 1983 and § 1985 for violations of plaintiffs' First and Fourteenth Amendment rights as well as a common law civil conspiracy claim.

Defendant Howard moves for summary judgment on the § 1985(3) and the common law conspiracy claims based upon the following several reasons: (1) the individual plaintiffs have no personal knowledge of his involvement in any conspiracy; (2) plaintiffs can neither prove an "unlawful, overt act," nor any "damages as a proximate result" of any actions taken by Defendant Howard; (3) plaintiffs have not presented "more than a scintilla of evidence" of Howard's involvement in the conspiracy; (4) plaintiff's conspiracy claims are precluded by the "intracorporation con-

spiracy" defense; and (5) plaintiffs have not alleged any "racial, or perhaps otherwise class-based, invidiously discriminatory animus" necessary to state a claim under § 1985(3).

ANALYSIS

### Summary Judgment on the § 1985(3) Claim

■ Summary judgment is required when there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

§ 1985(3), the relevant section in the present case, provides in pertinent part:

If two or more persons in any State or Territory conspire, ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

The court must determine whether there is a "genuine issue" for the trier of fact on plaintiffs' § 1985(3) claim, or whether defendant Howard is entitled to a summary judgment in his favor on this claim. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) established the standard for a claim to be actionable under § 1985(3). "The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminato-

ry animus behind the conspirators' action." *Griffin*, 403 U.S. at 102, 91 S.Ct. at 1798. Because the conspiracy in *Griffin* was motivated by race, the Court declined to decide "whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable...." *Griffin*, 403 U.S. at 101 n. 9, 91 S.Ct. at 1798 n. 9.

The plaintiffs in the present case have not alleged any race-based discrimination. Instead the plaintiffs rely upon their union association to form the necessary class. However, § 1985(3) was not intended to reach an economic-based class. After reviewing the history of § 1985(3), the Court in *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), determined that a conspiracy against nonunion workers was not the type of class-based animus intended by Congress. The Court further stated that "we find no convincing support in the legislative history for the proposition that the provision was intended to reach conspiracies motivated by bias towards others on account of their *economic* views, status, or activities." *Scott*, 463 U.S. at 837, 103 S.Ct. at 3361. The Court declined to "construe § 1985(3) to reach conspiracies motivated by economic or commercial animus." *Scott*, 463 U.S. at 838, 103 S.Ct. at 3361.

The Fifth Circuit Court of Appeals has applied the decision in *Scott*, supra, to find that a nonunion worker was not protected by § 1985(3) because the class-based animus requirement was not satisfied. *Daigle v. Gulf States Utilities Co., Local Union Number 2286*, 794 F.2d 974, 979 (5th Cir. 1986). The *Daigle* court determined that the plaintiff's claim essentially stated that the defendants were biased toward him because of his economic activity. *Id.*

Furthermore, the Fifth Circuit has held that plaintiffs must state a race-based motivation in order to bring a § 1985(3) conspiracy claim. "[I]t is well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754,

757 (5th Cir.1987). The court also stated that because plaintiffs failed to allege a race-based conspiracy, the court did not have to decide whether the plaintiffs had pled a cognizable class under § 1985(3). *Id.* at 757 n. 3.

In the present case, plaintiffs' reliance upon their union association to state a § 1985(3) claim is actually based upon their economic activity. Thus, this court finds that there is no genuine issue of material fact, and summary judgment is appropriate in favor of Howard on the § 1985(3) claim.

Common Law Civil Conspiracy Claim

■ A second claim against Howard is a common law civil conspiracy claim. "An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983); *See Schlumberger Well Surveying Corporation v. Nortex Oil and Gas Corporation,* 435 S.W.2d 854, 856 (Tex.1968). The necessary elements of a civil conspiracy are:

> (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.

*Massey* at 934; *Fojtik v. First National Bank of Beeville,* 752 S.W.2d 669, 673 (Tex. App.—Corpus Christi 1988).

Defendant contends that he is entitled to summary judgment on the common law claim because of the "intracorporation conspiracy" defense which has been defined as follows:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself anymore than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

*Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911, 914 (5th Cir.1952), *cert. denied,* 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953). An example of the above rule is found in teacher and school situations. *Hankins v. Dallas Independent School District,* 698 F.Supp. 1323, 1330 (N.D.Tex. 1988) (claims under § 1985(3) for conspiracy cannot stand when the plaintiff teacher sues a school and its officials because a school and its officials constitute a single legal entity which cannot conspire with itself); *See also Zentgraf v. Texas A & M University,* 492 F.Supp. 265, 272–273 (S.D.Tex.1980); *Rice v. President and Fellows of Harvard College,* 663 F.2d 336 (1st Cir.1981), *cert. denied* 456 U.S. 928, 102 S.Ct. 1976, 72 L.Ed.2d 444 (finding that the plaintiff's § 1985(3) conspiracy claim was fatally defective in only suing the President and Fellows of Harvard College, a single corporate entity, without naming any individual faculty members as defendants). However, when the plaintiff sues the defendants in both their individual and official capacities, then two entities have been sued. The Eighth Circuit in *Garza v. City of Omaha,* 814 F.2d 553, 556 (8th Cir.1987) found that the plaintiff, a city employee, alleged a § 1985(3) claim when he sued city officials both in their individual and official capacities. The *Garza* court stated "[w]hile it is true that a corporation cannot conspire with itself, an intracorporate conspiracy may be established where individual defendants are also named and those defendants act outside the scope of their employment for personal reasons." *Id.*

The relevant state law appears to be the same as the federal case law when dealing with the intracorporate defense. In *Fojtik,* supra, the defendants argued that a corporation and its agents constitute a single entity and therefore cannot form a conspiracy. However, the court found that the plaintiff asserted that one defendant was on the Board of Directors of the bank and an independent equipment dealer. Thus, the defendant could have conspired with the bank in his capacity as an independent dealer rather than as a corporate agent. *Fojtik,* at 673.

In the present case, plaintiffs claim that the defendants have been sued both in their individual and their official capacities. Plaintiffs have not named Orange County as a defendant, but only the individuals.

Therefore, this court finds that the plaintiffs have alleged that "two or more persons" conspired against them.

■ Defendant Howard claims that the plaintiffs cannot prove any "unlawful, overt acts" to connect him to any conspiracy. The summary judgment evidence set forth by the plaintiffs shows that the defendant attended a legal seminar in which he told the speaker that the Orange County Sheriff was attempting to fire four deputies whom he was angry at for their involvement in an election to gain collective bargaining rights. (Affidavit of Robert J. Thomas). Thomas' affidavit also states that Howard asked the speaker what was necessary to justify firing the deputies, and was told "to paper" their personnel files every time they violated or broke any departmental rule, policy, or procedure. Finally, according to Thomas' affidavit, Howard then stated that he had attended the employment law seminar in order "to find reasons to justify terminating the four deputies."

This court finds that the affidavit of Robert J. Thomas, concerning Howard's intent to aid the Orange County Sheriff in firing the plaintiffs as a pretext to frustrate their attempt to gain collective bargaining, is sufficient evidence to preclude summary judgment. "[S]ummary judgment is inappropriate where there is a genuine disagreement as to the reasonable inferences to be drawn from undisputed facts." *Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op, Inc.,* 799 F.2d 194 (5th Cir. 1986). Summary judgment is also inappropriate if the evidence before the court "could lead to different factual findings and conclusions." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir.1987). "It is likewise an inadequate procedure for sorting out nebulous questions of motivation." *Id.* at 569. In the present case, there is a genuine issue as to whether Howard's queries into the proper justification for specifically firing four deputies were made for a legitimate purpose or an illegitimate one.

Defendant claims that "[i]t is incomprehensible how the county's keeping documentation of rules violations amounts to a violation of any first amendment or fourteenth amendment interests of the Plaintiffs" and cites *Pruitt v. Lubbock Civil Service Commission,* 237 S.W.2d 682 (Tex. Civ.App.—Amarillo 1950, writ refused), for this proposition. In *Pruitt,* the court upheld the trial court's denial of a writ of mandamus sought by fired employees finding that the employees were terminated for expressly violating an order of the City Commission by attending a convention, and not because of their membership or nonmembership in a labor union. *Id.* at 685. The court found that the discharge did not interfere with the right to work and bargain freely with an employer. *Pruitt* is distinguishable from the present case involving a summary judgment motion. The court in *Pruitt* had to decide whether the employees were fired because of their union membership or because they attended a convention. In the present case, the jury must determine whether the employees are threatened with valid termination or whether Howard acted to aid in terminating the employees illegitimately under the pretext of a valid termination. If Howard attempted to use a lawful means as a pretext to commit an unlawful act, then plaintiffs rights could have been violated.

Defendant also claims that plaintiffs cannot prove any damages proximately caused by Howard. If Howard did intend to aid the Orange County Sheriff in firing plaintiffs for an illegitimate purpose, then there is a genuine issue of material fact as to any damages suffered by plaintiffs in having personnel files that may contain violations based on an illegitimate pretextual purpose. There is other summary judgment evidence of actions taken by Howard's alleged co-conspirator, Sheriff Fontenot, that could lead to potential damages. This evidence is contained in plaintiff's answers to defendant's interrogatories, such as the following:

(1) Sanchez's suspension for a day for falsifying round sheets while other employees who committed the same offense were not disciplined (*See* Answer to Interrogatory No. 9 contained in Exhibit H attached to Plaintiff's Response); (2) Robicheaux's being demoted from Sergeant to deputy after filing the state court

action against the Sheriff (*See* Answer to Interrogatory No. 13 contained in Exhibit G attached to Plaintiff's Response); (3) Nelson's removal from Denin's supervision while Denin was given only rookies to supervise (*See* Answer to Interrogatory No. 9 contained in Exhibit H attached to Plaintiff's Response); (4) Nelson's being verbally criticized by a supervisor for not making a report on a telephone harassment offense when the department has a policy of not making such reports (*See* Answer to Interrogatory No. 9 contained in Exhibit H attached to Plaintiff's Response); (5) that the conspiracy prevented the association from gaining membership (*See* Answer to Interrogatory No. 9 contained in Exhibit I attached to Plaintiff's Response); and (6) that Denin was written up shortly after the collective bargaining election for not checking with a dispatcher while out on patrol. (*See* Answer to Interrogatory No. 13 contained in Exhibit I attached to Plaintiff's Response).

While this court intimates no opinion on whether the plaintiffs could prove any conspiracy or any damages at trial, the court finds that the plaintiffs have carried their burden to show that there is a genuine issue of material fact on these elements.

CONCLUSION

Because plaintiffs, in their allegations of conspiracy under 42 USC § 1985, do not claim any race or other appropriate class-based animus, it is ORDERED that Defendant Howard's Motion for Summary Judgment as to the § 1985(3) claim is hereby GRANTED.

This court finds that there is a genuine issue of material fact as to whether the defendant Howard engaged in a civil conspiracy with the purpose of firing the plaintiffs for attempting to gain collective bargaining rights. Therefore, summary judgment would be inappropriate on the common law civil conspiracy claim against Howard and is DENIED.

SO ORDERED.