*685
MEMORANDUM & ORDER

JOYNER, District Judge.
This matter involves an uncontested mo­tion to dismiss filed by defendants Glenn Gerber, Dan Glammer, Jeanette Dickerson and John Armstrong. On December 9,1993, we dismissed plaintiffs claims alleging viola­tions of his civil rights under 42 U.S.C. §§ 1986 and 1997(d) against these defen­dants.[1] We also gave plaintiff, a pro se prisoner, thirty days in which to file a more definite statement with regard to his claims of violations of his civil rights under 42 U.S.C. §§ 1983 and 1985(3) by these defen­dants.[2] On or about January 14,1994, plain­tiff filed what is captioned as an amended complaint, although it appears to be more of a response brief to this Court’s memorandum and order dismissing the complaint against the above defendants, as well as other defen­dants not a party to the present motion. Defendants now seek to dismiss this “amend­ed complaint” because it fails to comply with our December 9th order directing plaintiff to provide a more definite statement with re­gard to the above claims. For the following reasons, we agree with defendants.

A Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Proce­dure is the appropriate method in which to challenge the legal sufficiency of a claim. See United States v. Marisol, Inc., 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items ap­pearing in the record of the case and exhibits attached to the complaint may also be taken into account. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3rd Cir.1990). In so reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3rd Cir.1990); Hough/­Loew Assoc., Inc. v. CLX Realty Co., 760 F.Supp. 1141, 1142 (E.D.Pa.1991). A com­plaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Ramson v. Marrazzo, 848 F.2d 398, 401 (3rd Cir.1988). However, a court must construe pro se complaints lib­erally, and such complaints are held to less stringent standards than those drafted by attorneys. Blassingale v. Administration at Suburban Gen. Hasp., No. CIV. A. 93-2601, 1993 WL 451491, at 1 (E.D.Pa. Nov. 3, 1993) (citations omitted); Orrs v. Comings, No. CIV. A. 92-6442, 1993 WL 418361 at 1 (E.D.Pa. Oct. 13, 1993) (citations omitted).

B. m U.S.C. § 198S

Section 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdic­tion thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be lia­ble to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this sec­tion, any Act of Congress applicable exclu­sively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C. § 1983 (1981).
In order to state a claim under this section, two essential elements must be al­leged. First, the conduct complained of *686 must be committed by someone acting under color of state law; and second, as a result of this conduct, plaintiff was deprived of his rights, privileges or immunities secured by the Constitution or the laws of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3rd Cir.1984), cert. denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). It is clear that public defenders do not constitute state actors, however, if they conspire with state officials to deprive a per­son of his rights, they are constructively deemed to be state actors for purposes of section 1983. Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); Flowers v. Marino, No. CIV. A. 93-­1212, 1993 WL 331825, at 3 (E.D.Pa. Sept. 2, 1993).
We granted plaintiff leave to provide a more definite statement with regard to this claim because plaintiff failed to allege any facts showing that defendants, who are all attorneys in the Montgomery County Public Defender’s Office, conspired with any state officials to deprive him of his rights. As such, plaintiff failed to allege any facts in order to satisfy the first element required by the statute. In the amended complaint, plaintiff appears to allege that there was a conspiracy between the Office of the District Attorney and the Probation Department of Montgomery County, and that defendants were part of this conspiracy to convict plain­tiff with regard to an assault charge, for which he is now incarcerated at the state correctional institution in Graterford, Penn­sylvania. However, plaintiff does not aver any facts with regard to the specific defen­dants and how they were involved in a con­spiracy with these two offices, other than to cryptically claim that another defendant Samodelov had stated that defendant Arm­strong was familiar with another case called the Crawford case while heading a drug task force in the District Attorney’s office, and was concerned of the embarrassment to his friend.
While employees working in the dis­trict attorney’s office are state actors, see Donnelly v. Richly, No. CIV. A. 92-4617, 1993 WL 46671, at 4 (E.D.Pa. Feb. 25, 1993), complaints alleging violations of civil rights must contain specific factual averments. Id. (citing Oatess v. Sobolevitch, 914 F.2d 428, 431 n. 8 (3rd Cir.1990)); Constitutional De­fense Fund v. Humphrey, Civ. A. No. 92-­396, 1992 WL 164734, at 4 (E.D.Pa. July 2, 1992) (citations omitted). The federal rules allowing for general, broad pleading are modified with regard to civil rights cases, and a requirement of specificity is imposed in these cases. Constitutional, 1992 WL 164734, at 4. In this ease, plaintiffs allega­tions are insufficient to show how defendants specifically conspired with the District Attor­ney’s Office and/or Probation Department. As such, plaintiffs section 1983 claim against defendants is dismissed.

a 48 U.S.C. § 1985(3)

We also granted plaintiff leave to file a more definite statement with regard to his claim that defendants violated section 1985(3). In order to state a cause of action for violations of this section, the following must be alleged:
1) a conspiracy by the defendants; 2) de­signed to deprive plaintiff of the equal protection of the laws; 3) the commission of an overt act in furtherance of that con­spiracy; 4) a resultant injury to person or property or a deprivation of any right or privilege of citizens; and 5) defendant’s actions were motivated by a racial or oth­erwise class-based invidiously discriminato­ry animus.
Carter F—3999 v. Cuyler, 415 F.Supp. 852, 857 (E.D.Pa.1976) (citing Griffin v. Brecken­ridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)); Whetzler v. Krause, 411 F.Supp. 523, 528 (E.D.Pa.1976), aff'd, 549 F.2d 797 (3rd Cir.1977). We grant­ed plaintiff leave to file a more definite state­ment because the original complaint lacked any allegations that defendants were moti­vated by a racial or otherwise class-based invidiously discriminatory animus.
Plaintiff now alleges that he “is an accom­plished artist, who is looked upon as an outsider in Montgomery County.” In a foot­note, he alleges that he is also indigent. Certainly, section 1985(3) is not aimed at prohibiting conspiracies based on biases against artists. Further, it is clear that per­ *687 sons who are indigent do not fall within this section. Hoai v. Vo, 935 F.2d 308, 314 (D.C.Cir.1991), cert. denied, — U.S. -, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992) (“kind of class-based animus contemplated by sec­tion 1985(3) does not include discrimination against classes defined by economic status or activity”) (citing United Brotherhood of Car­penters & Joiners v. Scott, 463 U.S. 825, 838-­39, 103 S.Ct. 3352, 3361-62, 77 L.Ed.2d 1049 (1983)); Nelson v. Fontenot, 784 F.Supp. 1258, 1260 (E.D.Tex.1992). As such, plain­tiffs section 1985(3) claim against defendants must be dismissed for failure to state a claim.

D. Remaining claims

As previously stated, plaintiffs amended complaint also responds to this Court’s order dismissing several civil rights claims against two other defendants, Hamel and Samodelov. In our Order, we dismissed plaintiffs claims of violations of sections 1983, 1985(3) and 1997d by defendants Hamel and Samodelov without prejudice, and granted plaintiff thir­ty days to amend his complaint to conform to the pleading requirements of those sections. We also granted plaintiff leave to amend his complaint to state a claim for violation of section 1997d against defendants Gerber, Glammer, Armstrong and Dickerson. How­ever, plaintiffs amended complaint does not set out any specific causes of action, and is written more like a motion or a brief. It is also vague and unintelligible, and as such, we will dismiss the amended complaint in its entirety. See 28 U.S.C. § 1915(d). Howev­er, given that plaintiff is pro se, we will grant plaintiff another thirty days in which to file a second amended complaint, in order to assert any claims against defendants that have not already been dismissed with prejudice, in­cluding the claims for violations of sections 1983 and 1985(3) discussed above. In so stating, we note that:
plaintiff must provide specific details about the nature of the injuries he has allegedly suffered, and the individual responsibility of each defendant for each injury.... Vague or conclusory statements that de­fendants “conspired” or “colluded” or vio­lated plaintiffs rights are not sufficient to support a claim. The actions of each de­fendant must be alleged as specifically and in as much detail as plaintiff can recall. The allegations should be as simple and concise as possible.. See Fed.R.Civ.P. 8(e)(1). Each allegation of fact must be in a separate paragraph. See Fed.R.Civ.P. 10(b).
Donnelly v. Richly, No. CIV.A. 92-4617, 1993 WL 46671, at 6 (Feb. 25, 1993). Should plaintiff fail to allege his claims with the requisite specificity, the second amended complaint, upon motion by defendants, shall be dismissed with prejudice. An appropriate order follows.

. The section 1997d claim was dismissed without prejudice and the section 1986 claim was dis­missed with prejudice.

. Plaintiff had also brought claims of violations of his civil rights against two other defendants, Hamel and Samodelov. We dismissed plaintiff’s claims of violations of 42 U.S.C. §§ 1983, 1985(3) and 1997d by these defendants without prejudice, and granted plaintiff leave to file an amended complaint. We also dismissed plain­tiff's claim alleging a violation of 42 U.S.C. § 1986 with prejudice.